425 So.2d 1157 (1982)
Effie D. STANSBERRY, Appellant,
v.
CITY OF LAKE HELEN, Florida, a Municipal Corporation Existing under the Laws of the State of Florida, Appellee.
No. 82-438.
District Court of Appeal of Florida, Fifth District.
December 29, 1982.
Rehearing Denied February 1, 1983.
*1158 Charles L. Early, Jr., of Taylor & Early, P.A., DeLand, for appellant.
Michael S. Teal of Coble, McKinnon, Rothert, Barkin, Clayton, Vukelja & Godbee, P.A., and C. Allen Watts, DeLand, for appellee.
ORFINGER, Chief Judge.
Appellant Effie D. Stansberry timely appeals a final order of the Circuit Court of Volusia County, denying her petition for writ of certiorari to review the final action of the Lake Helen City Commission in discharging her from employment.
In earlier cases[1] we held that an appeal to this court was the proper procedure to follow in seeking review of an order of the circuit court which, in turn, had reviewed administrative action. In the light of these decisions, an appeal appeared to be the proper procedure and that method of review has not been questioned here.
The Supreme Court has decided, however, that certiorari is the proper method by which an appellate court reviews a certiorari proceeding in the circuit court which, in turn, reviews administrative action below. City of Deerfield Beach v. Vaillant, 419 So.2d 624 (Fla. 1982). Thus, the scope of review is limited.[2]See Campbell v. Vetter, 392 So.2d 6 (Fla. 4th DCA 1980). We treat the appeal here as a petition for writ of certiorari. Fla.R.App.P. 9.040(c).
Petitioner's position as bookkeeper/billing clerk of the City's electric and water system was abolished when the city sold the utility. There are no civil service laws or other ordinances which inhibit discharge of employees or which require notice of or a hearing on the discharge of an employee of respondent city. Thus, any determination to abolish the position and discharge petitioner was legislative or executive action, not quasi-judicial, and thus not subject to judicial review. DeGroot v. Sheffield, 95 So.2d 912 (Fla. 1957). The trial court so held and denied certiorari, and so did not depart from the essential requirements of law.
Certiorari is DENIED.
DAUKSCH and COWART, JJ., concur.
NOTES
[1] Odham v. Petersen, 398 So.2d 875 (Fla. 5th DCA 1981); County of Volusia v. Transamerica Corp., 392 So.2d 585 (Fla. 5th DCA 1980). See also United Teachers of Dade v. Save Brickell Avenue, Inc., 378 So.2d 296 (Fla. 3d DCA 1979).
[2] Notwithstanding our belief that review in such cases was by plenary appeal, we had nevertheless concluded that the scope of our review was no broader than that of the circuit court. McCray v. Volusia County, 400 So.2d 511 (Fla. 5th DCA 1981).