GRIMES, Judge.
The Board of County Commissioners of Manatee County (Manatee County) seeks to prohibit the Manatee County Circuit Court from entertaining a petition by the Board of County Commissioners of Sarasota County (Sarasota County) to review[1] a Manatee County resolution which established a new schedule of rates to be paid for water and sewer services furnished by Manatee County-
Sarasota County’s interest in the Manatee County resolution lies in the fact that the counties previously contracted for Manatee County to furnish Sarasota County substantial amounts of water. The contract provides that the rates “may be revised up or down in accordance with sound and equitable ratemaking principles and after a public hearing is held by the Board of County Commissioners of Manatee County, Florida, pursuant to reasonable public notice.” The contract further states that Sarasota County shall never be subject to any type of surcharge or discrimination. In its petition to the circuit court, Sarasota County contends that the effect of the new schedule illegally discriminates against Sarasota County by setting rates and quotas which are not uniform with respect to other wholesale users of Manatee County water.
The special act which authorizes Manatee County to set water rates does not provide for review in the circuit court. Notwithstanding, if the county board was acting in a quasi-judicial capacity, the complaining party would be entitled to a review in the circuit court. Cherokee Crushed Stone v. City of Miramar, 421 So.2d 684 (Fla. 4th DCA 1982). However, this case is much like Board of County Commissioners v. Casa Development Ltd., 332 So.2d 651 (Fla. 2d DCA 1976). There, as here, the county board acted in essentially a quasi-legislative capacity. In both cases, a public hearing was held in which various persons made unsworn statements that were not subject to cross-examination. In both instances, the party adversely affected by the board’s resolution sought review in the circuit court. In Casa Development Ltd., this court held that the circuit court had no authority to directly review the board action taken in a quasi-legislative capacity. Rather than directing that the appeal be dismissed, we remanded the case with directions for the pleadings to be recast and the case to be tried as if the complaining party had initially filed suit for declaratory or injunctive relief.[2]
Sarasota County argues that the 1977 revision to the Florida Rules of Appellate Procedure now authorizes the circuit court to review an administrative action of the county commission regardless of whether it is quasi-judicial or quasi-legislative. We see no such intent in the language of the new rules even if this could be done by way of a rule. The appellate rules simply provide that the circuit court may review by appeal an administrative action when provided by law. Fla.R.App.P. 9.030(c)(1)(C). Even though rule 9.020 defines administrative actions to include “an order ... of any agency, department, board or commission of the State or any political subdivision . ..,” this does not change the principle that the circuit court cannot review either by way of appeal or *539 certiorari an administrative action taken in a quasi-legislative capacity.
While there is no doubt that Sarasota County is directly affected by Manatee County’s new schedule of water rates, so too are other wholesale users. We do not interpret the contract as requiring a quasi-judicial determination. The contract contemplated that Manatee County would change its rates from time to time. If it does so contrary to sound and equitable ratemaking principles or otherwise discriminates against Sarasota County, that county can obtain complete relief through an action in the circuit court for declaratory or injunctive relief in which a proper record can be made.
Accordingly, we grant the petition for writ of prohibition on the basis that the circuit court lacks jurisdiction to entertain a direct review of the Manatee County resolution. Nothing herein will preclude Sarasota County from attacking the resolution by filing an original suit in circuit court.
HOBSON, A.C.J., and CAMPBELL, J., concur.

. Sarasota County filed a petition for certiorari, but the circuit court has chosen to treat it as an appeal.

. Our determination to permit the appeal to be converted into an original action was largely influenced by the fact that the complaining party had actually sought to comply with the appeal provisions of the special act authorizing the board’s actions.