468 So.2d 329 (1985)
Ronald D. JANSON, Petitioner,
v.
The CITY OF ST. AUGUSTINE, Respondent.
No. 85-1.
District Court of Appeal of Florida, Fifth District.
April 11, 1985.
Upchurch, Bailey & Upchurch, P.A., St. Augustine, for petitioner.
Meredith, Dobson, Ready & Reynolds, St. Augustine, for respondent.
SHARP, Judge.
Janson petitions this court for a writ of certiorari to review the circuit court's refusal, acting in its appellate capacity, to review the denial of his application for a building permit by the Board of City Commissioners of St. Augustine. We have jurisdiction,[1] but we deny the petition because we think Janson is foreclosed from seeking judicial review of the validity and propriety of the Board's denial of his zoning permit, because he is currently challenging the zoning denial by bringing an inverse condemnation suit in the circuit court in a separate proceeding.
The circuit court in this case relied on Key Haven Associated Enterprises, Inc. v. Board of Trustees, 427 So.2d 153 (Fla. 1983). Although not factually similar to this case, the principles set out in the opinion are dispositive. The court held that a landowner may choose either to contest the validity of the agency action being challenged through the appeal process, or it may accept the agency action as valid, and then challenge its effect by way of an inverse condemnation suit.
In Key Haven, the landowner failed to pursue its administrative appeal, and opted to file the inverse condemnation suit instead. The court held that the landowner was not foreclosed in its inverse condemnation suit by failing to pursue the administrative appeal. However, it emphasized:
[B]y electing the circuit court as the judicial forum, a party foregoes any opportunity to challenge the permit denial as improper and may not challenge the agency action as arbitrary or capricious or as failing to comply with the intent and purposes of the statute.
Id. at 160.
In Albrecht v. State, 444 So.2d 8 (Fla. 1984), the landowner, after fully pursuing the administrative appeal process, thereafter filed an inverse condemnation suit. The court held that the inverse condemnation suit was proper, but it emphasized, that the party filing the claim must accept the validity of the agency action or order:
In Key Haven we merely provided an alternative to direct review for those parties who wish to accept the propriety of the action. This was not meant to extinguish *330 the property owner's right to bring the separate claim of inverse condemnation in circuit court at the conclusion of all judicial as well as executive branch appeals regarding the propriety of the action... . "[O]nce a party agrees to the propriety of the action and chooses the circuit court forum, it is estopped from any further denial that the action itself was improper." (Emphasis supplied).
Id. at 12-13.
Key Haven and Albrecht dictate that the two remedies of appeal and inverse condemnation cannot be simultaneously pursued. Although a challenge to the administrative decision via appeal does not extinguish a suit for inverse condemnation at the conclusion of the appeal, Albrecht, a filing of an inverse condemnation suit forecloses a party from challenging the correctness of an administrative decision. Key Haven. Thus, Janson's right to appeal the agency action through administrative and judicial channels was extinguished.
PETITION DENIED.
DAUKSCH and ORFINGER, JJ., concur.
NOTES
[1] City of Deerfiled Beach v. Vaillant, 419 So.2d 624 (Fla. 1982); Wingate v. Dep't of Highway Safety and Motor Vehicles, 442 So.2d 1023 (Fla. 5th DCA 1983); Stansberry v. City of Lake Helen, 425 So.2d 1157 (Fla. 5th DCA 1982).