483 So.2d 759 (1986)
Jack REED, Appellant,
v.
CITY OF HOLLYWOOD, a Municipal Corporation, Appellee.
No. 84-2403.
District Court of Appeal of Florida, Fourth District.
February 5, 1986.
Rehearing Denied March 24, 1986.
Bernard Berman of Bernard Berman, P.A. Fort Lauderdale, for appellant.
Andrew DeGraffenreidt, III, City Atty., and Saul Smolar, Asst. City Atty., Hollywood, for appellee.
PER CURIAM.
Jack Reed appeals from an order of the trial court dismissing with prejudice his *760 suit to enjoin the demolition of his house as ordered by the City of Hollywood Unsafe Structures and Housing Appeals Board (the Board). The dismissal was based on the trial court's finding that it lacked subject matter jurisdiction because Reed failed to exhaust legal and administrative remedies available to him under Section 202.12 of the South Florida Building Code.
We affirm the dismissal of the suit insofar as it sought injunctive relief; however, we remand the cause with directions to the trial court to treat Reed's suit as one seeking certiorari review of the Board's action.
Section 202.12 of the South Florida Building Code provides that "[a]ny person aggrieved by a decision of the Unsafe Structures Board may seek judicial review of that decision in accordance with the Florida Appellate Rules." Florida Rules of Appellate Procedure 9.030(c) and 9.100(c) (1977 Revision) provide that the jurisdiction of the circuit court may be invoked to review administrative action when provided by law through petition for common law certiorari filed within thirty days of rendition of the order to be reviewed.
Ten days after the Board ordered Reed's house destroyed, he filed his suit for injunction in the circuit court alleging, inter alia, that the Board had acted without due process of law. Thus, Reed sought judicial review within the thirty-day period prescribed by the appellate rules,[1] although the remedy he selected  injunctive relief  was incorrect.
Historically, appellate courts have treated improperly filed petitions and writs as if they were denominated correctly rather than barring judicial review. See, e.g., Kilgore v. Bird, 149 Fla. 570, 6 So.2d 541 (1942); Radio Communications Corporation v. Oki Electronics of America, Inc., 277 So.2d 289 (Fla. 4th DCA 1973). This practice was formalized with the adoption of Florida Rule of Appellate Procedure 9.040(c):
REMEDY. If a party seeks an improper remedy, the cause shall be treated as if the proper remedy had been sought; provided that it shall not be the responsibility of the court to seek the proper remedy.
The Committee Notes to Rule 9.040(c) contain the following instructive language:
The Advisory Committee does not consider it to be the responsibility of the court to seek the proper remedy for any party, but a court may not deny relief because a different remedy is proper. Under these provisions a party will not automatically have his case dismissed because he seeks an improper remedy or invokes the jurisdiction of the wrong court. The court must instead treat the case as if the proper remedy had been sought and transfer it to the court having jurisdiction.
Rule 9.040(c) has been interpreted as requiring the circuit court to consider as timely a petition for certiorari filed more than thirty days after the challenged administrative decision where the party had previously filed a petition for writ of mandamus within the thirty-day period. See Pridgen v. Board of County Commissioners of Orange County 389 So.2d 259 (Fla. 5th DCA 1980). Allowing Reed to now invoke the certiorari jurisdiction of the circuit court is not prohibited, as the City of Hollywood urges, by the case of State ex rel. Soodhalter v. Baker, 248 So.2d 468 (Fla. 1971). In Soodhalter, the court was concerned only with the propriety of transferring a matter from one court to another. Here no transfer is required. The circuit court in which Reed sought injunctive relief is the appropriate court to review by certiorari the Board's action.[2]
*761 AFFIRMED IN PART; REMANDED WITH DIRECTIONS.
ANSTEAD, C.J., WALDEN, J., and FREDRICKA G. SMITH, Associate Judge, concur.
NOTES
[1] Compare City of Hollywood v. Litteral, 446 So.2d 1152 (Fla. 4th DCA 1984), wherein Litteral sought injunctive relief more than two years following her discharge by the Civil Service Board as a community service officer.
[2] If a court has for its own administrative convenience created an appellate division, the matter may, of course, be transferred there. That, however, is not a transfer from one court to another.