492 So.2d 412 (1986)
James G. PACE, Petitioner,
v.
BOARD OF ADJUSTMENT, TOWN OF JUPITER ISLAND, a Political Subdivision of the State of Florida, Respondent.
No. 85-2345.
District Court of Appeal of Florida, Fourth District.
July 9, 1986.
Rehearing Denied September 2, 1986.
*413 Charles A. Stampelos, of McFarlain, Bobo, Sternstein, Wiley & Cassedy, P.A., Tallahassee, for petitioner.
Steven L. Perry, of Crary, Buchanan, Bowdish & Bovie, Chartered, Stuart, for respondent.
ANSTEAD, Judge.
The petitioner, James Pace, seeks review by certiorari of an order of the circuit court, acting in its review capacity, upholding administrative action. This case involves the petitioner's unsuccessful efforts to build a single family home on a beachfront property in Jupiter Island, and the validity of the regulatory schemes of state and local administrative bodies which left him in a "Catch 22" situation with no place to build.
In March of 1982, Pace applied to the Board of Adjustment, Town of Jupiter Island (Town) for authorization to construct a residence. Pace had already sought a required coastal construction control line permit from the Florida Department of Natural Resources, Division of Beaches and Shores (DNR). The DNR recommended denial of the permit, noting that the proposed structural elevation of the home would be insufficient to withstand anticipated storm events, and that due to the rapid erosion rate of the Jupiter Island shoreline, the town's 30 foot road setback requirement would force the structure to be placed unreasonably close to the shoreline. Pace incorporated the DNR's findings and recommendations into his request to the town, and in accord therewith requested a variance to increase the height of the clear space under the building, and to build forward of the 30 foot setback requirement. The Board approved the height request but denied the request to vary from the 30 foot road setback. Pace then renewed his application with the DNR and secured from the Governor and Cabinet sitting as heads of the Department, a final executive order granting the permit but conditioning such grant to a 30 foot landward relocation of the structure. The order noted, consistent with the previous findings of DNR staff, that the construction of a building in accord with the town's setback requirements would be inconsistent with the present pattern *414 of beach erosion and the state's policy for shoreline protection.
Armed with expert witnesses, exhibits and the recommendations of high state executives, Pace again went before the Jupiter Island Board of Adjustment in November 1984. Pace offered the testimony of the chief of the state Bureau of Coastal Engineering, who expressed the view that building the structure in accordance with the town's requirements would adversely impact the beach dune system and give rise to an early need for artificial shore armoring. Opposition to Pace's request for a variance was voiced by several local residents who opposed buildings built immediately adjacent to the road right-of-way. The town manager addressed the Board, voicing his concern with "precedent"; i.e., the impact that the granting of a variance in this case might have on future requests from numerous other similarly located lot owners. The Board denied the variance and the circuit court upheld the denial.[1]
This case initially came to us as a full appeal, and some confusion existed as to the scope of our review of the denial of certiorari by a circuit court. The petitioner now concedes that absent some exceptional circumstances such review is generally restricted to a determination that the petitioner was afforded procedural due process in the circuit court and that the circuit court applied correct legal principles. City *415 of Sunrise v. Broward County, 473 So.2d 1387 (Fla. 4th DCA 1985); Combs v. State, 436 So.2d 93 (Fla. 1983).
The petitioner's main contention is that the Jupiter Island zoning requirement that structures be set back at least 30 feet from the public right of way conflicts with and is preempted by Chapter 161, Florida Statutes, which sets forth a comprehensive scheme for beach and shore preservation statewide. We cannot agree. Section 166.021(3)(c), Florida Statutes (1983) provides that the legislative body of a municipality may not legislate on "any subject expressly preempted to state or county government by the constitution or by general law" (emphasis added). The statute which purportedly preempts the town zoning ordinance is Section 161.053, Florida Statutes (1983). Looking to this statute, section 161.053(1) expresses the general legislative policy in favor of beach and shore preservation, and establishes the coastal construction control line. Section 161.053(4)(b) provides that counties and municipalities may establish zoning or building codes which are equal to or stricter than the state requirements, in terms of setback from the shoreline. However, there is no language in the statute preempting local zoning ordinances such as the one at issue, which establish off road setback distances and are not concerned with beach and shore preservation.
Even if preemption could be implied, however, Section 161.053 simply does not evince any legislative policy that would conflict with the objectives of the Town of Jupiter Island in enacting its zoning scheme. While the scheme of regulation embodied in Chapter 161 may be pervasive with respect to municipal authority over shoreline areas seaward of the coastal construction control line, it is clearly not so pervasive as to preempt municipal authority in the completely distinct regulatory area of street level zoning. Two distinct and important public concerns are implicated in the two schemes, one to promote public safety and welfare by requiring buildings to be constructed some distance away from roadways and the other to require buildings to be set back from the shoreline in order to preserve the shoreline.
The application of the 30 foot roadway setback ordinance to Pace's parcel did come into conflict with the general state policy of combatting beach erosion in this particular instance. But this conflict does not invalidate the ordinance since the ordinance does not contravene the statutory requirements in any way; in other words, it does not require the petitioner to take any action which would violate the state law or forbid him from taking action which the state law requires. State and local provisions reflect conflicting policy considerations all the time, but this does not render the local provisions unenforceable. Accordingly, we find, contrary to Pace's position, that the circuit court did not fail to apply the law of preemption in reviewing the town's denial of a variance. In addition, it is apparent that the circuit court correctly applied the general principles of law respecting review of administrative agency action. In particular, the court examined the record for substantial competent evidence upon which the Board could have based its decision. The court found that the setback requirement was not only reasonable but fully consistent with valid concerns for public safety and welfare by providing some minimum space between a public roadway and a residential building. Further, the court tested Pace's request for a hardship variance against the general rule that such a variance will not be granted absent an unusual hardship to the landowner not shared by the holders of other parcels. See Town of Indialantic v. Nance, 485 So.2d 1318 (Fla. 5th DCA 1986). The record reflects numerous other properties with the same problem.
Pace's unfortunate predicament is that he cannot secure both state and local approval to build a minimum sized home on his property because of legitimate state and local concerns. We also note that Pace failed to join the appropriate state agency in this action thereby further limiting the trial court's ability to remedy the problem. Under these circumstances, although we *416 express no views on the merits, inverse condemnation may be the appropriate remedy.[2]
The petition for writ of certiorari is denied.
DOWNEY and WALDEN, JJ., concur.
NOTES
[1] In addition to seeking review of the administrative action, Pace filed an action for inverse condemnation against the state in the Martin County Circuit Court. We have considered whether the petitioner's right to contest the administrative denial of a variance is foreclosed by the filing of a suit for inverse condemnation.

The law is unambiguous that "the two remedies of appeal and inverse condemnation cannot be simultaneously pursued." Janson v. City of St. Augustine, 468 So.2d 329, 330 (Fla. 5th DCA 1985) (emphasis in original). This court has followed Janson in Itco Properties, Inc. v. Town of Highland Beach, 485 So.2d 47 (Fla. 4th DCA 1986). The petitioner anticipated these holdings by filing the administrative appeal against the town and the action for inverse condemnation against the state. The state responded by filing a motion to dismiss the inverse condemnation action for failure to join the town as an indispensable party. The petitioner specifically maintained that he did not want to name the town as a party in the inverse condemnation action because he believed his right to pursue an administrative appeal would be prejudiced thereby. The lower court denied the state's motion to dismiss without prejudice to file a third party complaint against the town if necessary. However, the court also granted a motion by the state to abate the inverse condemnation action pending a decision in the administrative appeal. The order of abatement lifted when the circuit court denied certiorari on September 4, 1985. Apparently, there was no attempt to continue the abatement pending review in this court. However, the inverse condemnation action has not been actively pursued since that time. The state filed its answer to the complaint last November, and no further action has taken place since then. In keeping with his principal objective of building on the property, Pace is keeping the condemnation action "on hold" pending final resolution of the administrative process. The petitioner's position is that since the two remedies of appeal and inverse condemnation are not sought against the same parties, review is not barred by Janson and Itco Properties. Neither of these cases, or the supreme court decisions on which they are based, reach the issue. However, it is unlikely that those courts would permit a party to circumvent their holdings by naming one of two responsible governmental bodies as the defendant in one suit, and the other body in the second suit. This is especially true where, as here, the two bodies share responsibility for any "taking" that has occurred.
The cases clearly hold that it is the inconsistency of the remedy sought which forecloses simultaneous actions for condemnation and administrative review. In the present case, as the respondent points out, the two remedies are just as incompatible as they would be if sought against the same defendant. Therefore, we are not persuaded by Pace's argument that his choice of defendants brings him outside the reach of Janson and Itco Properties. However, we believe that practical considerations warrant an exception to the rigid application of those cases to the present situation. Janson emphasized that the property owner may elect to pursue an administrative appeal, or inverse condemnation, or both; it is only the simultaneous pursuit of these remedies that is not permitted. 468 So.2d at 329; see also Albrecht v. State, 444 So.2d 8 (Fla. 1984). In this case, the petitioner has not actively pursued the condemnation remedy; no action has been taken since the filing of the complaint and answer. The petitioner is apparently awaiting the outcome of this appeal before taking further action against the Town and the state and has no intent of prevailing in both lawsuits. For these reasons we have considered this petition, within the limits of our review of the denial of certiorari by a circuit court.
[2] See discussion under note 1.