LEHAN, Acting Chief Judge.
Lee County appeals a trial court determination that a section of the county’s Development Standards Ordinance 82-42, as amended by Ordinance 83-42 (the “D.S. 0.”), is unconstitutional. The appellees (the “Church”) cross appeal the trial court’s failure to find that other sections of the D.S.O. are unconstitutional and the denial of various other claims including a claim for damages and attorney’s fees under 42 U.S.C. § 1983. We affirm as to both the appeal and the cross-appeal.
The Church, located on a state road in Lee County, applied for a preliminary development order to construct an addition to its existing facility. The proposed addition subjected the Church to the provisions of the D.S.O. The Church’s application was denied by the appropriate county agency, and the denial was upheld on an appeal to the Board of County Commissioners. The reason given for the denial was that the Church had not complied with certain D.S.O. provisions, including those as to the location of its access to the state highway and the dedication by the Church of that portion of its property needed to bring the abutting state road’s right-of-way into conformance with the minimum width requirements imposed by the County.
After the denial of its application for a development order, the Church filed a complaint in circuit court which, inter alia, requested a declaratory judgment that three sections of the D.S.O. (Sections C.3.h., C.3.j., and C.3.n.) were unconstitutional on their face and as applied and claimed that the application of the D.S.O. to its property constituted inverse condemnation. The complaint also included the above-mentioned § 1983 cause of action.
After the lawsuit was filed, the Church applied for and received variances from the contested sections of the D.S.O.
The Church filed a motion for summary judgment requesting the court to rule that the D.S.O. was unconstitutional on its face because it violated the “rational nexus” test, which is discussed below. The County moved for summary judgment on the grounds that the Church was barred from contesting the constitutionality of the D.S.O. because it had also included a claim for inverse condemnation and that the granting of the variances mooted the Church’s claim of unconstitutionality as well as its claim for damages.
The trial court entered a partial final summary judgment, holding that Section C.3.n. of the D.S.O. was unconstitutional on its face and denying the remainder of the Church’s claims for relief. This appeal followed.
The first issue which must be addressed is the County’s contention that the Church waived its constitutional arguments because part of the Church’s lawsuit in circuit court was a cause of action for inverse condemnation. The cases relied on by the County for this argument are Key Haven Associated Enterprises, Inc. v. Board of Trustees of Internal Improvement Trust Fund, 427 So.2d 153 (Fla.1982), and Janson v. City of St. Augustine, 468 So.2d 329 (Fla. 5th DCA 1985).
The County argues that Key Haven stands for the proposition that an inverse condemnation claim and an appeal from agency action based on the unconstitutionality of the relevant statute or rule cannot *628 be brought in the same action. However, we conclude that Key Haven does not stand for that proposition. In fact, Key Haven said that, on review of agency action in the district court of appeal, the appellant can also raise “[t]he claim of the taking of property ... and, if an adequate record is available, the district court could require the state to institute condemnation proceedings.” 427 So.2d at 159.
Key Haven concerned the actions of a state agency, and this case concerns the actions of a county agency. However, this case compares to the type of situation discussed in Key Haven, 427 So.2d at pages 157-158, under the heading “Facial Unconstitutionality of an Agency Rule ” (emphasis added). The supreme court said that in such a situation, as contrasted with a situation involving a statute, there must be exhaustion of administrative remedies as to the unconstitutionality issue because an administrative agency could amend the rule to eliminate the constitutional problem. In this case, although we are concerned with a county ordinance rather than a rule promulgated by a state agency, the Board of County Commissioners would seem to have the power to modify the ordinance to correct constitutional infirmities much the same as would an agency vis-a-vis an agency rule. Therefore, under Key Haven all administrative remedies must be exhausted in that respect, which they were when the Church appealed the denial of the development order to the Board and the Board affirmed the denial. At that point the Church’s avenue for relief was the circuit court, which is where the Church filed this lawsuit.
Because the proper forum in this case for review of the County’s action was the circuit court, the circuit court lawsuit was the counterpart to the review of administrative agency action in the district court referred to in the above quote from Key Haven which said that the claim of inverse condemnation could be raised in the review proceeding. Accordingly, we conclude that there is nothing to prevent the Church in this case from including in its circuit court action both the inverse condemnation claim and the request for review of agency action.
The joinder of these two claims in the same suit is in accord with Fla.R.Civ.P. 1.110(g) which allows the joinder of alternative, inconsistent claims for relief. Also, as Key Haven said in another context, it “would allow all issues to be decided in the least expensive and time-consuming manner.” 427 So.2d at 157. This case can be distinguished from a situation where a party in the Church’s position attempts to pursue an appeal from the administrative action while at the same time, but in a separate lawsuit, bringing an inverse condemnation action. That is what happened in Janson, where the Fifth District said “that the two remedies of appeal and inverse condemnation cannot be simultaneously pursued.” 468 So.2d 330. The Fifth District apparently interpreted Key Haven to mean that in every case the filing of an inverse condemnation suit forecloses a party from challenging the correctness of an administrative decision, which is a somewhat different interpretation than we have used in this case. However, the situation in Janson in which both claims (i.e., the alternative remedies of an appeal of administrative action and an inverse condemnation suit) were being pursued and litigated at the same time in separate lawsuits could have constituted a waste of judicial labor, as distinguished from the situation in this case where both claims can be considered as alternative causes of action in the same lawsuit.
The next issue is whether the granting of the variances made this case moot. The variances did moot several of the Church’s claims, such as the claim for inverse condemnation and the claim that the ordinance was unconstitutional as applied because, with the variances, there was no taking of property and no application of the ordinance. However, we conclude that the variances did not moot the issue of whether the ordinance was unconstitutional on its face. See Hodel v. Virginia Surface Mining & Reclamation Association, 452 U.S. 264, 296-97, 101 S.Ct. 2352, 2370-71, 69 L.Ed.2d 1, 28-9 (1981) (court considered *629 facial challenge to constitutionality of mining regulation but held that consideration of constitutionality of regulation as applied was premature until variance was applied for and denied).
The next issue, now that we have determined that the trial court could properly address the constitutionality of the ordinance, is whether the circuit court was correct in finding that Section C.3.n. of the D.S.O. was facially unconstitutional. Applying the rational nexus test leads to the conclusion that the court was correct. The rational nexus test requires that there be a reasonable connection between the required dedication of land and the anticipated needs of the community because of the new development. Hollywood, Inc. v. Bro-ward County, 431 So.2d 606 (Fla. 4th DCA 1983). We adopt the following approach taken in 181, Inc. v. Salem County Planning Board, 133 N.J. Super. 350, 336 A.2d 501, 506 (Super.Ct. Law Div.1975):
In short, for the nexus test to apply, thus making a compulsory dedication constitutionally valid, the nexus must be rational. This means it must be substantial, demonstrably clear and present. It must definitely appear that the proposed action by the developer will either forthwith or in the demonstrably immediate future so burden the abutting road, through increased traffic or otherwise, as to require its accelerated improvement. Such dedication must be for specific and presently contemplated immediate improvements — not for the purpose of “banking” the land for use in a projected but unscheduled possible future use.
In this case, Section C.3.n. requires all property owners whose property abuts certain streets to give to the county the land necessary to meet the minimum right-of-way requirements established by the county for the street on which the property is located, regardless of the size of the landowner’s proposed development or the amount of traffic that development will generate. The ordinance does not comply with the rational nexus test because it does not require any reasonable connection between the requirement that land be given to the county and the amount of increased traffic, if any, generated by the proposed development. See Howard County v. JJM, Inc., 301 Md. 256, 482 A.2d 908 (1984); Simpson v. City of North Platte, 206 Neb. 240, 292 N.W.2d 297 (1980); Board of Supervisors of James City County v. Rowe, 216 Va. 128, 216 S.E.2d 199 (1975).
The next issue, raised by the Church on cross appeal, is whether the trial court erred in not declaring unconstitutional the other two sections (C.3.j. and C.3.h.) of the D.S.O. which the Church challenged. Section C.3.h. merely provides that direct access to the main road will be limited to every 330 or 660 feet depending upon the type of road. Section C.3.j. allows temporary unlimited direct access to the main road provided that such temporary direct access must be removed when directed by the County Engineer. Presumably the County Engineer will not direct the removal of the direct access until a system of frontage roads is sufficiently completed so as to otherwise allow access from the property to the main road. In any event, since these sections do not completely eliminate access to one’s property, but only regulate access, there is no unconstitutional taking shown on the face of the ordinance.
The final issue is whether the trial court erred in denying the Church’s claim for damages and attorney’s fees under 42 U.S.C. § 1983. Because the Church ultimately requested and received variances, the D.S.O. was not applied to the Church’s property. Thus, there was no taking of property and, therefore, no damages to support a § 1983 claim. See Williamson County Regional Planning Commission v. Hamilton Bank of Johnson City, 473 U.S. 172, 105 S.Ct. 3108, 87 L.Ed.2d 126 (1985).
Affirmed.
SANDERLIN, J., and BOARDMAN, EDWARD F., (Ret.) J., concur.