555 So.2d 444 (1990)
SEXTON, INC., a Florida Corporation and Oslo Packing Company, a Florida Corporation, Appellants,
v.
CITY OF VERO BEACH, Appellee.
No. 89-1866.
District Court of Appeal of Florida, Fourth District.
January 17, 1990.
*445 Bruce Barkett of Collins, Brown & Caldwell, Vero Beach, for appellants.
Terrence P. O'Brien of City of Vero Beach, Vero Beach, for appellee.

FASTRACK APPEAL
PER CURIAM.
This is a fastrack appeal from a final summary judgment upholding the validity of an amendment to the Vero Beach town charter concerning beach restoration. We affirm.

MATERIAL FACTS
Pursuant to an election that was held on March 14, 1989, the following charter amendment was passed:
Section 2.09  Referendum Required  Unless specifically authorized to do so by one or more local binding referendum elections, the City of Vero Beach shall not on beaches owned by or within the municipal limits of the City of Vero Beach, directly or indirectly, expend tax dollars from whatever source (local, state or federal) on beach restoration that involves the direct or indirect placement of sand on the beach except in the amount necessary to protect life or property during storms or other natural disaster.
In the agreed statement of the case, the parties stipulated that "The City has accepted the responsibility and obligation to act as a local project sponsor and has held itself out to contribute financial assistance to the federal and state restoration programs anticipated." They concluded "The evidence does suggest that state and federal funds have been jeopardized by the City's recent actions." The trial court determined that there were no genuine issues of material fact. It ruled: (1) the State in Chapter 161, Florida Statutes, has not preempted the local charter amendment; (2) the charter amendment is not unconstitutionally vague, and (3) the charter amendment is not unconstitutionally overbroad.

LAW
A municipality has the power to enact legislation concerning a subject matter upon which it may act unless it is preempted by a state or county constitution or general law. Section 166.021(3)(c), Florida Statutes. If a statutory scheme is so pervasive as to exclude municipal authority in a certain regulatory area because it would possibly conflict with the regulatory scheme, then preemption may be implied. Pace v. Board of Adjustment, 492 So.2d 412 *446 (Fla. 4th DCA 1986), rev. denied, 501 So.2d 1283 (Fla. 1987); Tribune Co. v. Cannella, 458 So.2d 1075 (Fla. 1984), appeal dism'd, 471 U.S. 1096, 105 S.Ct. 2315, 85 L.Ed.2d 835 (1985).

PREEMPTION
Sexton argues that because Chapter 161 is so pervasive, it preempts the charter amendment. Section 161.101(1), Florida Statutes reads:
The legislature recognizes that beach erosion is a statewide problem that does not confine its effects to local governmental jurisdictions and that beach erosion can be adequately addressed most efficiently by a state-initiated program of beach restoration and beach renourishment. However, since local beach communities derive the primary benefits from the presence of adequate beaches, a program of beach restoration and beach renourishment should not be accomplished without a commitment of local funds to combat the problem of beach erosion. Accordingly, the Legislature declares that the state, through the Department of Natural Resources, shall determine those beaches which are critically eroding and in need of restoration and renourishment and may authorize the expenditure from the Beach Management Trust Fund of the amount necessary to pay up to 75 percent of the actual costs for restoring and renourishing a critically eroded beach. The local government in which the beach is located shall be responsible for the balance of such costs. Section 161.101(10) expands:

A local government desiring to initiate and pay the entire cost of designing, constructing, and maintaining beach erosion control project prior to the state's initiating such construction, may be reimbursed from state funds on the basis of the procedures set forth in s. 161.161, provided the project is approved by the department before initiation of construction and based on legislative appropriations and whether it furthers the provisions of s. 161.161. Such local interests shall, as project sponsor, be responsible for obtaining federal reimbursement in the case of federal-aid projects.
(emphasis supplied)
Section 161.161 outlines the procedure for approval for the funding of beach restoration and renourishment projects. Section 161.161(7) states that the State is not permitted to undertake a project that requires a local share without the approval of the local government.
Chapter 166 authorizes the state to determine beaches that are critically eroding and to initiate restoration programs. It does not, however, preclude local governments from initiating local restoration and renourishment programs. It only states that if a local government desires state funding to do so, it must get state approval before it initiates construction, etc. and that it is responsible for arranging federal grants. Likewise, if the state wishes to undertake a project which requires a local share, it must get the local government's approval.
The charter amendment appears to provide that Vero Beach cannot, unless authorized to do so by referendum, (1) initiate a restoration project pursuant to section 161.101(10) or (2) authorize a local share under section 161.161(7), with the language "the City of Vero Beach shall not ... directly or indirectly, expend tax dollars from whatever source (local, state or federal) on beach restoration... ." Sections 161.101(10) and 161.161(7) clearly permit Vero to control local funds, federal grants, and state funds if it opts to initiate a restoration program.
As far as state funds in other circumstances are concerned, the charter amendment does not necessarily conflict with Chapter 166. The charter amendment does not purport to prohibit, without referendum, expenditures from the Beach Management Trust Fund. Notwithstanding the charter amendment, the state may initiate, and pay for, by way of the fund, a restoration project that does not require a local share. Thus, the amendment does not interfere or conflict with activities that are exclusively within the state's power. The amendment speaks to activities that are *447 exclusively or concurrently within Vero's power.

VAGUE AND OVERBROAD LAWS
A vague statute is one that fails to give adequate notice of what conduct is prohibited and which, because of its imprecision, invites arbitrary and discriminatory enforcement. S.E. Fisheries v. Dept. of Nat. Resources, 453 So.2d 1351 (Fla. 1984). In determining whether a statute is vague, common understanding and reason must be used. Id. Courts must determine whether or not the party to whom the law applies has fair notice of what is prohibited and whether the law can be applied uniformly. Id.
Sexton first claims that the amendment is vague because it is not clear what an "indirect" expenditure is. However, the context of the beach management legislation gives meaning to that term. "Indirect" includes authorization by local governments pursuant to section 161.161(7) in regard to projects which require local shares. It applies to situations in which local governments act as sponsors to projects and seek approval for state and federal assistance under section 161.101(10). The scenarios raised by Sexton in which it asks whether citizens could raise money to contribute toward a local share or whether the city could plan, but not initiate, a beach restoration project are not issues directly addressed by the charter amendment. The clear focus of the amendment is tax expenditures by Vero.
Sexton next contends that "indirect" placement of sand is vague. Vero responds that "indirect" placement is a coastal engineering term which may include an establishment of a "feeder beach" that places sand on a downdrift beach. Thus, "indirect" placement should be defined by that plain and ordinary meaning. See S.E. Fisheries, supra. Because the statute is directed to Vero, it does not contemplate the situation hypothesized by Sexton in which sand blows down shore onto Vero beaches because Vero does not have jurisdiction over beaches outside of its boundaries. As for the term "during storms," the plain and ordinary meaning of that portion of the amendment is that in the event a storm should occur, a referendum for restoration is not required. The specifics of such restoration are necessarily dependent on the circumstances of a particular storm, in light of the phrase "in the amount necessary."
Finally, Sexton argues that the charter amendment is overbroad. As noted by both parties, the overbreadth doctrine is not applicable in the instant case because the appellant's First Amendment rights are not in jeopardy. See S.E. Fisheries, supra.
For the reason enunciated above, we find no error by the trial court in upholding the Charter amendment.
ANSTEAD, POLEN and GARRETT, JJ., concur.