562 So.2d 445 (1990)
CITY OF CAPE CANAVERAL, et al., Appellants,
v.
Jeffrey L. RICH, Etc., et al., Appellees.
No. 89-1798.
District Court of Appeal of Florida, Fifth District.
June 21, 1990.
James S. Theriac, III, of Amari, Theriac & Roberts, Cocoa, for appellants.
No appearance for appellees.
PER CURIAM.
The City of Cape Canaveral (the "City") seeks review of an order granting a petition for writ of certiorari. The challenged order found that sewer impact fees the City charged appellee were "arbitrary" because they were not calculated using the petitioner's own historical actual water usage. The court further ordered assessment based upon alternative calculations of actual usage and issuance of a certificate of occupancy to petitioner upon payment of the recalculated fee.
As a threshold issue, the City contends that certiorari is inappropriate to challenge the validity of the sewer impact fee ordinance. We agree. The adoption of a sewage impact fee is a quasi-legislative function and is clearly not an appropriate subject for review by way of certiorari. E.g. Board of County Comm'rs of Manatee County v. Circuit Court of the Twelfth Judicial Circuit, 433 So.2d 537 (Fla. 2d DCA 1983).
Because of the procedural history of this case, we believe it appropriate to remand the case to the trial court to afford the *446 appellees an opportunity to amend their pleading if they choose to do so. We suggest the most appropriate device for appellees to challenge the subject ordinance is by declaratory judgment action. Contractors and Builders Ass'n of Pinellas County v. City of Dunedin, 329 So.2d 314 (Fla. 1976); City of Key West v. R.L.J.S. Corp., 537 So.2d 641 (Fla. 3d DCA), rev. denied, 1800 Atlantic Developers, Inc. v. City of Key West, 545 So.2d 1367 (Fla. 1989); Ves Carpenter Contractors, Inc. v. City of Dania, 422 So.2d 342 (Fla. 4th DCA 1982); Home Builders and Contractors Ass'n of Palm Beach County, Inc. v. Board of County Comm'rs of Palm Beach County, 446 So.2d 140 (Fla. 4th DCA 1983), rev. denied, 451 So.2d 848 (Fla. 1984). See also City of Ormond Beach v. County of Volusia, 535 So.2d 302 (Fla. 5th DCA 1988). Cf. Board of County Comm'rs of Hillsborough County v. Casa Development Ltd., 332 So.2d 651 (Fla. 2d DCA 1976). Through this device, the factual issues that necessarily must be developed and determined for a proper evaluation of the constitutionality of the challenged impact fees can be made a part of the record.
REVERSED and REMANDED for proceedings consistent with this opinion.
COWART and GRIFFIN, JJ., and ORFINGER, M., Associate Judge, concur.