588 So.2d 1080 (1991)
CITY OF FORT PIERCE, Florida, Appellant,
v.
Gloria and John H. DICKERSON, Appellees.
No. 91-1220.
District Court of Appeal of Florida, Fourth District.
November 13, 1991.
*1081 James T. Walker and John T. Brennan of Brennan, Hayskar, Jefferson & Gorman, Ft. Pierce, for appellant.
Harold Long, Jr., Miami, for appellees.
GUNTHER, Judge.
The City of Fort Pierce (Ft. Pierce) appeals the trial court's order denying its amended motion to dissolve a temporary injunction. The temporary injunction, issued in favor of the property owners, Gloria and John Dickerson (Dickersons), enjoined Ft. Pierce, for a period of sixty days, from demolishing the residential structure (house) located on the Dickersons' rental property.
The instant case was set in motion by Resolution No. 91-01 (resolution) passed by the Ft. Pierce City Commission (Commission). Prior to the resolution being passed, the Dickersons were notified by Ft. Pierce that their house might be condemned, that a public hearing would be held to determine the matter, and that they should attend the public hearing and show cause why the house should not be condemned. Following the appearance and testimony of the Dickersons at the public hearing, the Commission passed the resolution which provided that the Dickersons' house was a fire hazard, a menace to the business, health, and safety of the people of the City of Ft. Pierce, was condemned, and would be demolished by Ft. Pierce on or before a certain date.
In seeking review of the resolution, the Dickersons filed a complaint for declaratory and injunctive relief. Thereafter, the Dickersons moved the trial court for a temporary injunction to enjoin the demolition of their house and to obtain additional time to make the necessary repairs to the house. The Dickersons alleged entitlement to a temporary injunction on the grounds that Ft. Pierce had failed to furnish them with adequate notice of the code violations, that they would suffer irreparable harm because once the house was demolished the zoning regulations prohibited them from rebuilding a rental unit on the lot, and that allowing the demolition of their rental house would violate their due process rights.
After a hearing on the motion and over Ft. Pierce's objection, the trial court granted the temporary injunction giving the Dickersons an additional sixty days to repair their house. In denying Ft. Pierce's subsequent motion to dissolve the temporary injunction, the trial court stated that he was satisfied Ft. Pierce followed the city code, but that he thought the code was harsh and did not give people enough time to comply.
The first issue we must resolve is whether the trial court had jurisdiction to entertain the Dickersons' complaint for declaratory and injunctive relief or whether the Dickersons should have sought review of the Commission's resolution by a petition for writ of certiorari. To answer this question we must determine whether the Commission, in ordering the demolition of the Dickersons' house, acted in a quasi-judicial or a quasi-legislative capacity. If *1082 the Commission acted in a quasi-judicial capacity, the proper method of review is by certiorari, but if the Commission's action was quasi-legislative, the proper method of review is a suit in the circuit court for declaratory or injunctive relief. Walgreen Co. v. Polk County, 524 So.2d 1119, 1120 (Fla. 2d DCA 1984).
As reiterated in City of Boynton Beach, a decision is quasi-judicial when notice and a hearing is required and the decision is contingent on a showing made at a hearing. City of Boynton Beach v. V.S.H. Realty, Inc., 443 So.2d 452, 454 (Fla. 4th DCA 1984). In the instant case, notice and hearing was prescribed by ordinance, and the decision to demolish the house was made based on testimony adduced at this hearing. Thus, we conclude that the resolution by the Ft. Pierce City Commission was quasi-judicial. Consequently, we agree with Ft. Pierce's assertion that since the resolution was a quasi-judicial decision rendered by the Commission, it was reviewable only by petition for writ of certiorari, and not by a complaint for declaratory and injunctive relief.
Since review of the resolution should have been by certiorari, the trial court was without jurisdiction to entertain a complaint for declaratory and injunctive relief and should not have granted the Dickersons' motion for a temporary injunction. As this court has previously held, a court's certiorari review power does not extend to directing that any particular action be taken, but is limited to denying the petition for writ of certiorari or quashing the order reviewed. National Advertising Co. v. Broward County, 491 So.2d 1262, 1263 (Fla. 4th DCA 1986). Thus, we reverse the order denying the motion to dissolve the temporary injunction and remand to the trial court with instructions to dissolve the temporary injunction.
Although the Dickersons improperly filed a complaint for declaratory and injunctive relief in an attempt to seek review of the resolution, review by the circuit court might still be possible. If an improperly filed complaint is filed within the thirty-day time period required by Florida Rule of Appellate Procedure 9.100(c), a trial court can treat it as a petition for writ of certiorari. Reed v. City of Hollywood, 483 So.2d 759, 760 (Fla. 4th DCA 1986). Therefore, we remand to the trial court for a hearing to determine whether the Dickersons' complaint was filed within thirty days of the rendition of the resolution.
In conclusion, since the trial court lacked jurisdiction to entertain a complaint for declaratory or injunctive relief, the order denying the motion to dissolve the temporary injunction is reversed and the cause remanded to the trial court to enter an order dissolving the temporary injunction entered against Ft. Pierce. Upon remand, the trial court shall hold a hearing to determine whether the Dickersons' complaint was filed timely in accordance with Florida Rule of Appellate Procedure 9.100(c). If timely filed, the complaint shall be properly treated by the circuit court as a petition for writ of certiorari thereby permitting review of the resolution.
REVERSED AND REMANDED.
LETTS and GARRETT, JJ., concur.