854 So.2d 273 (2003)
Harlan D. TERRY, Petitioner,
v.
BOARD OF TRUSTEES OF The CITY PENSION FUND FOR POLICE OFFICERS AND FIREFIGHTERS IN The CITY OF PEMBROKE PINES, Respondent.
No. 4D02-3580.
District Court of Appeal of Florida, Fourth District.
September 17, 2003.
Richard A. Sicking of Richard A. Sicking, P.A., Coral Gables, for petitioner.
Stephen H. Cypen of Cypen & Cypen, Miami, for respondent.
STONE, J.
Terry petitions for a writ of certiorari seeking review of an order of the circuit court, sitting in its appellate capacity, dismissing his amended petition for writ of certiorari. We grant the petition and quash the order.
Terry was a firefighter employed by the city of Pembroke Pines. In 1999, he was *274 awarded a permanent total disability retirement by the board of trustees of the city pension fund. In that same year, Terry settled a related worker's compensation claim against the city. Subsequently, the board attempted to coordinate Terry's service incurred permanent total disability pension with the prorated value of his worker's compensation settlement by reducing his service incurred disability pension from $2,794.26 to $2,359.32 for as many months as it took to recoup the entire worker's compensation settlement of $72,500.00. In doing so, the board used a formula capping the combination of his disability and the prorated value of the settlement by his worker's compensation average weekly wage at the time of the accidents at work.
Terry does not challenge the decision to impose an off-set. The dispute is over how to properly calculate the prorated value of his worker's compensation claim and his disability pension. The circuit court, however, did not reach the proration issue, as it interpreted the board order as a "legislative" decision and dismissed the certiorari petition for lack of jurisdiction. In doing so, the circuit court relied upon the authority of Stansberry v. City of Lake Helen, 425 So.2d 1157 (Fla. 5th DCA 1983), City of Cape Canaveral v. Rich, 562 So.2d 445 (Fla. 5th DCA 1990), and Board of County Commissioners of Manatee County v. Circuit Court of Twelfth Judicial Circuit for Manatee County, 433 So.2d 537 (Fla. 2d DCA 1983).
Each of the cases that the circuit court relied on apply the undisputed principle that certiorari will not lie to review legislative decisions. We do not deem those authorities applicable, however, as in this case, the board conducted a hearing and interpreted an ordinance, applying it to the unique facts of this case. In Rich, the order challenged by the petition for writ of certiorari found that city sewer impact fees were "arbitrary." There, the Fifth District agreed with the city's assertion that certiorari review was not available to challenge the validity of the ordinance, finding that the adoption of a sewage impact fee is a quasi-legislative function. See id. In Manatee County, the issue involved a petition to review a county resolution which established a schedule of rates to be paid for water and sewer services. In Stansberry, where there were no ordinances inhibiting the city's discharge of employees, the Fifth District held that a determination to abolish a position and discharge an employee was legislative or executive action and not quasi-judicial.
In this case, unlike those applied by the circuit court, the board action was not legislative or executive, but was a quasi-judicial decision subject to judicial review. Therefore, the circuit court does have certiorari jurisdiction. In Sun Ray Homes, Inc. v. Dade County, 166 So.2d 827 (Fla. 3d DCA 1964), the petitioner contended that a permit to erect a sign on a neighbor's property was issued contrary to provisions of the county code. There, the court determined that the action of the board "was clearly quasi-judicial because it was a review of an interpretation, and an application, of an ordinance." 166 So.2d at 829. Similarly, in City of St. Petersburg v. Cardinal Industries Development Corp., 493 So.2d 535, 537 (Fla. 2d DCA 1986), the property owner challenged the denial of an application for a special exception by a complaint for declaratory judgment. The Second District concluded that the proper method to attack the denial was by way of petition for certiorari.
In City of Fort Pierce v. Dickerson, 588 So.2d 1080 (Fla. 4th DCA 1991), the city ordered demolition of a house and the homeowners brought actions for declaratory *275 and injunctive relief. The circuit court issued a temporary injunction and the city appealed. There, we recognized that the trial court did not have jurisdiction to entertain the complaint for declaratory relief because the commission's action was quasi-judicial, and that it should be treated as a petition for writ of certiorari, explaining:
The first we must resolve is whether the trial court had jurisdiction to entertain the Dickersons' complaint for declaratory and injunctive relief or whether the Dickersons should have sought review of the Commission's resolution by a petition for writ of certiorari. To answer this question we must determine whether the Commission, in ordering the demolition of the Dickersons' house, acted in a quasi-judicial or a quasi-legislative capacity. If the Commission acted in a quasi-judicial capacity, the proper method of review is by certiorari, but if the Commission's action was quasi-legislative, the proper method of review is a suit in the circuit court for declaratory or injunctive relief. Walgreen Co. v. Polk County, 524 So.2d 1119, 1120 (Fla. 2d DCA 1988).
As reiterated in City of Boynton, a decision is quasi-judicial when notice and a hearing is required and the decision is contingent on a showing made at a hearing. City of Boynton Beach v. V.S.H. Realty, Inc., 443 So.2d 452, 454 (Fla. 4th DCA 1984). In the instant case, notice and hearing was prescribed by ordinance, and the decision to demolish the house was made based on testimony adduced at the hearing. Thus, we conclude that the resolution by the Ft. Pierce City Commission was quasi-judicial. Consequently, we agree with Ft. Pierce's assertion that since the resolution was a quasi-judicial decision rendered by the Commission, it was reviewable only by petition for writ of certiorari, and not by a complaint for declaratory and injunctive relief.
Id. at 1081-82.
Here, the action of the board did not adopt a rule or ordinance of general application. Rather, it was an application and interpretation of existing rules to Terry in order to decide the modified amount of his benefits. Such is quasi-judicial action.
We do not decide the substantive issues raised in the circuit court petition and do not address the proper method of calculating Terry's earnings or how to calculate a cap, applying Barragan v. City of Miami, 545 So.2d 252 (Fla.1989), in order to meet the pension ordinance requirements, as those issues were not reached by the circuit court order on review.
Therefore, the trial court shall reconsider Terry's amended petition for writ of certiorari on its merits.
GUNTHER and KLEIN, JJ., concur.