SUAREZ, J.
 

 George Frye appeals the trial court’s denial of his request for a preliminary injunction. We affirm the trial court’s denial.
 

 On. or about March 11, 2008, Mr. Frye received a final notice from Miami-Dade County Building Department informing him that property he owned was in noncompliance with the Unsafe Structures Ap
 
 *1064
 
 peal Panel Decision rendered more than eight months prior — June 27, 2007. The Unsafe Structures Appeal Panel had found Mr. Frye had failed to complete demolition and final inspections and obtain permits for the repair and demolition of structures on his property. He was given ten days from the date of that notice in which to comply. On March 25, 2008, Mr. Frye filed a verified petition for a preliminary and permanent injunction to preserve the status quo until such time as he could complete the remodeling and make the necessary repairs to the property. The trial court correctly denied the preliminary injunction.
 

 Mr. Frye’s remedy at law was to seek a timely appeal of the administrative order of the Appeal Panel to the Circuit Court of the Eleventh Judicial Circuit pursuant to Section 8-5(m) of the Code of Miami-Dade County.
 
 See
 
 Fla.R.App. P. 9.110(c). He was put on notice of this requirement as the June 27th decision specifically informed him that “[a]ny person aggrieved by a decision of the Unsafe Structures Appeal Panel may seek judicial review of that decision in accordance with the Florida- Rules of Appellate Procedure.”
 
 See
 
 Miami-Dade County Code § 8-5(m) (2008). Mr. Frye took no such appeal. Since he did not exhaust his remedies at law, he is not entitled to injunctive relief. There is no longer jurisdiction to review the order of the Unsafe Structures Appeal Panel.
 
 See Terry v. Bd. of Trustees of the City Pension Fund,
 
 854 So.2d 273 (Fla. 4th DCA 2003);
 
 DeSmedt v. City of N. Miami Beach,
 
 591 So.2d 1077 (Fla. 3d DCA 1991);
 
 City of Fort Pierce v. Dickerson,
 
 588 So.2d 1080 (Fla. 4th DCA 1991).
 

 For these reasons we affirm the trial court’s denial in all respects.
 
 [1]
 

 Affirmed.
 

 [1]
 

 . Mr. Frye's argument on appeal involving his property rights under section 70.001, Florida Statutes (2008), was not raised below and cannot be raised on appeal. Further, we find no merit in the argument presented.