# Third District Court of Appeal

## State of Florida

Opinion filed September 30, 2015.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-1253
Lower Tribunal No. 12-47638
_____

**City of Miami,**
Petitioner,

vs.

**Nationstar Mortgage LLC, etc.,**
Respondent.

A Case of Original Jurisdiction – Prohibition.

Victoria Mendez, City Attorney, Kerri L. McNulty and Daniel S. Goldberg, Assistant City Attorneys, for petitioner.

Albertelli Law and Matthew L. Schulis, for respondent.

Before WELLS, EMAS and FERNANDEZ, JJ.

EMAS, J.

Petitioner, City of Miami ("the City"), seeks the issuance of a writ prohibiting the trial court from continuing to exercise jurisdiction over an injunction motion, filed by Respondent Nationstar Mortgage, LLC ("Nationstar"). Nationstar sought to enjoin the City from enforcing a demolition order. For the reasons that follow, we deny the petition for writ of prohibition.

The relevant facts are not in dispute:

Nationstar was the holder of a note and mortgage on residential property located in the City of Miami. In December 2012, Nationstar filed an action[1] to foreclose the mortgage and served the borrower and property owner, Mariecarmen G. Alcazar.

In October 2014, during the pendency of the foreclosure action[2], the City posted a Notice of Violation regarding the structure located on the subject property. The Notice declared that the City had determined the structure was unsafe, was in need of repair, and was subject to demolition if repairs were not timely made. The structure was not brought into compliance as required by the Notice of Violation and, in December 2014, a notice of hearing was published, scheduling a hearing to be held by the City's Unsafe Structures Panel on January 28, 2015. The notice of hearing was sent to Nationstar, in which Nationstar was

---

[1] For the sake of simplicity, all references are to Nationstar. However, the action was initially filed by Metlife Home Loans; Nationstar subsequently became the holder of the note and was substituted as the party-plaintiff.

[2] The foreclosure action remains pending below.

2

listed as an "interested party." The hearing was held as scheduled, and a Nationstar representative attended the hearing. An information sheet, explaining the procedures (consistent with the Code provisions) to be followed at the hearing,[3] was provided to, and signed by, the Nationstar representative.

---

[3]This information sheet advised the Nationstar representative, in pertinent part:

> The Unsafe Structures Panel hearings are being conducted in accordance to Chapter 10, Article VI of the City of Miami code. The purpose of these hearings is to give the appellant the opportunity to contest the decision of the Building Official or his designee, which resulted in the structures being declared unsafe. . . . .
>
> The Panel will hear testimony from the Building official or his designee, the owner and other parties interested and their respective witnesses.
>
> . . .
>
> The Panel after all of the evidence has been presented may order the securing, repair and or demolition of the structure(s) upon application of the standards set forth in the City Code. The Panel may affirm, modify or rescind the decisions of the Building Official as recited in the Notice of Violation.
>
> Any person aggrieved by a decision of the Unsafe Structure Panel may seek judicial review in accordance with the Florida Rules of Appellant (sic) Procedure. The Order must be appealed within 30 days from the date issued.
>
> (Emphasis added.)

Following the hearing, the Unsafe Structures Panel issued a final order of demolition ("the Demolition Order"), directing the structure be demolished if repairs to bring the structure into compliance were not made within 180 days. The Demolition Order was entered against Mariecarmen Alcazar, the property holder of record. A copy of the Demolition Order was sent to Alcazar, and to Nationstar as an interested party.[4] The City advised Nationstar that once it (Nationstar) acquired title to the property it would have the right to seek an extension of the Demolition Order's 180-day time period to permit Nationstar to bring the structure into compliance and avoid demolition.

Nationstar did not appeal the Demolition Order. Instead, on May 4, 2015, Nationstar filed, in the foreclosure action, an emergency motion for temporary injunction, seeking to enjoin the City (a non-party to the foreclosure) from enforcing the Demolition Order. A copy of the motion was sent to the City.

The City filed a response asserting that the trial court lacked jurisdiction to consider the motion or to grant any relief that would impede or enjoin enforcement of the Demolition Order, because Nationstar failed to seek its appellate remedy as

_____

[4] The Order provided in pertinent part:

> The City of Miami Unsafe Structures Panel is Quasi-Judicial. The decision and specified compliance date(s) are final and binding. Any person aggrieved by a decision of the City of Miami Unsafe Structures Panel may seek judicial review of that decision in accordance with the Florida Rules of Appellate Procedure.

4

expressly provided by the City of Miami Code. Nationstar responded that because it was not the owner of the property or structure, but merely an "interested party" to the Unsafe Structures Panel proceeding, it was not authorized to appeal the Demolition Order nor limited to the appellate remedy expressly provided by the City of Miami Code.

The trial court held an initial hearing on the motion, but deferred ruling and entered an order scheduling an evidentiary hearing for a date certain, at which hearing the court was to determine the merits of the motion for injunctive relief. The City thereafter filed the instant petition for writ of prohibition, and we entered a stay of further proceedings on the motion for injunctive relief, pending our resolution of this petition.

Because the issue raised in this petition requires us to construe provisions of the City's Code of Ordinances, our standard of review is *de novo*. See Dixon v. City of Jacksonville, 774 So. 2d 763 (Fla. 1st DCA 2000).

We begin with the pertinent provisions of the City Code:

Chapter 10 of the City Code is entitled "Buildings." Article VI contains three sections addressing "Unsafe Structures." These sections establish the process which the City must follow before a structure is deemed unsafe and subject to repair or demolition. As one might reasonably expect, these sections provide requirements of notice, an opportunity to be heard, an opportunity to cure any

violations, and a right to appeal an adverse determination. We are concerned here with the latter provisions and who falls within the scope of the provision providing for judicial review of a demolition order.

The Information Sheet and Demolition Order each provided that "[a]ny person aggrieved by a decision of the City of Miami Unsafe Structures Panel may seek judicial review of that decision in accordance with the Florida Rules of Appellate Procedure." Significantly, however, the relevant Code provision does not contain that same language. Instead, it provides:

> Judicial Review. <u>Any owner or authorized representative aggrieved by a decision</u> of the unsafe structures panel may seek judicial review of that decision in accordance with rule 9.110(c). Accordingly, any order, requirement, decision, denial of a request for extension of time, or determination of the unsafe structures panel shall be reviewed by the filing of a notice of appeal in the circuit court appellate division of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, within 30 days of the rendition of the order.

Section 10-101(n), City of Miami Code of Ordinances (2015).[5]

Although Nationstar acknowledges that it was an "interested party,"[6] it asserts that it was not an "owner or authorized representative" and therefore was

---

[5] Nothing in the record provides an explanation for the relatively broad language used in the Information Sheet and Demolition Order (each advising that "[a]ny person aggrieved by a decision" may seek judicial review) given the much narrower language contained in the express provisions of the City of Miami Code (providing that "[a]ny owner or authorized representative aggrieved by a decision" may seek judicial review).

[6] Section 10-101(g)(6) of the City of Miami Code provides the following definitions for both "owner" and "interested party":

6

not authorized to appeal the Demolition Order as provided by section 10-101(n) above. We agree. The City of Miami Code limits the right of appeal to "[a]ny owner or authorized representative aggrieved by a decision of the unsafe structures panel. . . ." §10-101(n). The Code further provides that an "owner shall be the taxpayer as reflected in the most recently certified real property ad valorem tax roll of Miami-Dade County." The plain and unambiguous language compels the conclusion that Nationstar was not an owner and therefore was not authorized by the express provisions of the City of Miami Code to appeal the Demolition Order. As the Florida Supreme Court has consistently reaffirmed:

> When the language of the statute is clear and unambiguous and conveys a clear and definite meaning, there is no occasion for resorting to the rules of statutory interpretation and construction; the statute must be given its plain and obvious meaning.

Holly v. Auld, 450 So. 2d 217, 219 (Fla. 1984) (quoting A.R. Douglass, Inc., v. McRainey, 137 So. 157, 159 (1931)).

---

> For these purposes, the owner shall be the taxpayer as reflected in the most recently certified real property ad valorem tax roll of Miami-Dade County; provided however, where the records of the Dade County Property Appraiser indicate that ownership has changed, the owner shall be the taxpayer as reflected in those records. An interested party shall be the owner and any other person or entity who has previously requested real property ad valorem tax notices with respect to the subject property in accordance with F.S. § 197.344, as the same may be renumbered or amended from time to time.
>
> (Emphasis added.)

7

Nationstar's status as a non-owner distinguishes this case from our decision in Frye v. Miami-Dade County, 2 So. 3d 1063 (Fla. 3d DCA 2009), relied upon by the City. In Frye, this Court held that a failure of a party to exhaust the judicial remedies provided by the Unsafe Structures Panel forecloses the possibility of subsequent relief. Nationstar, while concededly an "interested party" to the administrative proceedings, was not an owner and was not an *actual* party to the proceedings of the Unsafe Structures Panel, and was therefore not authorized to seek judicial review under the express provisions of the City of Miami Code.

Our conclusion is underscored by identical language contained in a related provision of the City of Miami Code. Section 10-101(m) provides a mechanism for seeking an extension of time to comply with a demolition order after that order has been issued by the Unsafe Structures Panel. It provides in pertinent part:

> Requests for extension of time. <u>Any owner or authorized representative</u> may seek an extension of the timeframes set forth in an order of the unsafe structures panel.

(Emphasis added.)

The City utilizes the exact same language in establishing who is authorized to appeal a demolition order and who is authorized to seek an extension of time to comply with a demolition order. Importantly, in the instant case the City advised Nationstar that it could seek an extension of time to comply with the Demolition Order once it acquired title to the property—i.e., the City did not consider

8

Nationstar an "owner" for purposes of seeking an extension of time under the Code. Given that the City did not consider Nationstar an "owner" for purposes of seeking an extension of time to comply with the Demolition Order, it is difficult to see how the City can reasonably argue that Nationstar was an "owner" for purposes of seeking judicial review pursuant to the City of Miami Code.[7]

The petition for writ of prohibition is denied.

---

[7] An agency's contemporaneous construction of a statutory provision that it is charged with enforcing is entitled to great deference. BellSouth Telecomm., Inc. v. Johnson, 708 So. 2d 594, 596 (Fla. 1998). A court should not depart from such a construction unless it is clearly unauthorized or erroneous. P.W. Ventures, Inc. v. Nichols, 533 So. 2d 281, 283 (Fla. 1988).