501 So.2d 674 (1987)
OCCIDENTAL CHEMICAL AGRICULTURAL PRODUCTS, INC., Appellant,
v.
STATE of Florida, DEPARTMENT OF ENVIRONMENTAL REGULATION, Appellee.
No. BL-68.
District Court of Appeal of Florida, First District.
January 20, 1987.
*675 Lawrence N. Curtin, of Aurell, Fons, Radey & Hinkle, Tallahassee, D. Bruce May, of Holland & Knight, Tallahassee, for appellant.
Carol A. Forthman, Dept. of Environmental Regulation, Tallahassee, for appellee.
*676 NIMMONS, Judge.
This is an appeal from a final order dismissing with prejudice appellant's complaint for declaratory judgment. The facts hereinafter summarized are taken from the allegations of appellant's amended complaint.
Occidental Chemical Agricultural Products, Inc. ("OCAPI") operates phosphate mines and fertilizer product manufacturing complexes in Hamilton County, Florida ("Project Area"). Phosphate rock reserves within the Project Area are located beneath areas which are considered wetlands. Under the provisions of Chapter 403, Florida Statutes (1983), and administrative rules adopted pursuant thereto, the Department of Environmental Regulation ("Department") regulates dredging and filling activities in waters of the State. The Department's jurisdiction to regulate such activities is limited by Section 403.817, Florida Statutes (1983), which authorizes the Department to establish by rule the method for determining the "landward extent of the waters of the state."
In response to OCAPI's request that the Department indicate its view as to the extent of the latter's regulatory jurisdiction on land to be affected by OCAPI's proposed mining operations, the Department conducted a series of studies of and site visits to the property. In April, 1977, the Department transmitted to OCAPI a letter containing maps establishing jurisdictional boundary lines for dredge and fill permits for areas within the Project Area. This letter excluded from consideration the Rocky Creek area in Hamilton County. OCAPI claims to have relied upon the jurisdictional boundary lines established in this letter for its planning and mining operations.
In April, 1982, OCAPI requested by letter that the Department indicate the extent of its permitting jurisdiction over the Rocky Creek area. Following site inspections of the Rocky Creek area, the Department indicated its view as to the extent of its regulatory jurisdiction on an aerial photograph, dated June 28, 1982. By letters in July and September, 1982, the Department affirmed to OCAPI that the limits of its jurisdiction in the Rocky Creek area were as displayed on that photograph.
In December 1983, the Department proposed to amend its administrative rule containing the list of vegetative species used to define the "landward extent of waters of the state." The proposed amendments to this list would expand the Department's regulatory jurisdiction over OCAPI's lands, including the Rocky Creek area, and OCAPI filed a petition seeking an administrative determination of the invalidity of the proposed rule amendments pursuant to Section 120.54(4), Florida Statutes (1983).
The Department revised a portion of its proposed rule  now codified as Florida Administrative Code Rule 17-4.022(8)  to "grandfather" certain areas such that the old vegetative species list (and not the new expanded list) would apply in those areas for which the Department already had indicated the extent of its regulatory jurisdiction. In this connection, OCAPI requested and received assurances from the Department that the jurisdictional determination for the Rocky Creek area would qualify for the benefits of the revised grandfather provision.
Relying on the Department's assurances, OCAPI voluntarily dismissed its administrative challenge to the proposed rule amendments. Thereafter, the rule amendments, as well as the grandfather provision, were approved by the legislature with minor modifications by Chapter 84-79, section 9, Laws of Florida [codified in Section 403.8171, Florida Statutes (Supp. 1984)], and became effective on October 1, 1984.
Under the terms of the approved grandfather provision, the Department is required to "validate" a jurisdictional determination made prior to October 1, 1984, if certain conditions are satisfied. See Florida Administrative Code Rule 17-4.022(8). In February, 1985, OCAPI requested by letter that the Department validate, pursuant to the revised grandfather provision, the earlier June 1982 jurisdictional determination for the Rocky Creek area. In May, *677 1985, the Department proposed by letter to deny OCAPI's validation request based on the Department's determination that OCAPI failed to satisfy the conditions set forth in the grandfather provision.
In August, 1985, OCAPI filed a declaratory judgment action in the Circuit Court in Leon County. The Department moved to dismiss OCAPI's complaint on grounds that OCAPI failed to exhaust its administrative remedies. The court granted the motion with leave to file an amended complaint. In its subsequently filed amended complaint OCAPI requested a declaratory judgment that the Department is estopped from denying the validity of the Rocky Creek jurisdictional determination which the Department had previously prepared for OCAPI. OCAPI also alleged that the grandfather provision of Rule 17.4.022(8) and adopted by the legislature in Section 403.8171, supra, and upon which the Department purported to base its refusal to validate the same jurisdictional determination, is on its face unconstitutionally vague and ambiguous and constitutes an unlawful delegation of legislative authority. The circuit court, by order dated December 26, 1985, dismissed OCAPI's amended complaint with prejudice for failure of OCAPI to exhaust available admninistrative remedies.
In its order of dismissal, the trial court found, based upon the principles of Key Haven Associated Enterprises, Inc. v. Board of Trustees of the Internal Improvement Trust Fund, 427 So.2d 153 (Fla. 1982), that it did not have the authority to determine whether Rule 17-4.022(8) was unconstitutional on its face.
In Key Haven, the Court set forth the appropriate standards for circuit court review of agency rules and statutes being implemented by an agency. The court held:
If the statute being implemented by an agency is claimed to be facially unconstitutional, the circuit court may, in appropriate circumstances, entertain a declaratory action on the statute's validity.
* * * * * *
[W]hen the administrative proceedings can have no effect on the constitutional issue to be presented to the circuit court, "it is pointless to require applicants to endure the time and expense of full administrative proceedings." [Gulf Pines Memorial Park, Inc. v. Oakland Memorial Park, Inc., 361 So.2d 695, 699 (Fla. 1978)].
* * * * * *
Since the facial constitutionality of a statute may not be decided in an administrative proceeding, Department of Revenue v. Young American Builders, 330 So.2d 864 (Fla. 1st DCA 1976), this type of constitutional issue could not, absent recourse to the circuit courts, be addressed until the administrative process is concluded and the claim is before a district court of appeal on direct review of the agency action.
* * * * * *
When the facial unconstitutionality of an agency rule is the focus of an aggrieved party's constitutional claim, the administrative proceedings must be exhausted and the claim presented to the district court. A circuit court should not, as a matter of policy, entertain an action alleging the facial unconstitutionality of an agency rule because an adequate remedy remains available in the administrative process. (emphasis supplied)
427 So.2d at 157.
The critical question in this case is whether Rule 17-4.022(8) is an agency rule or a statute for purposes of the exercise of circuit court jurisdiction under the exhaustion principles of Key Haven. If the rule is deemed to be a statute, then under Key Haven the circuit court should have entertained OCAPI's action. If, on the other hand, Rule 17-4.022(8) is deemed to be a typical agency rule, Key Haven requires that the circuit court refrain from exercising jurisdiction.
Because of the peculiar nature of the agency rule in the instant case, Rule 17-4.022 should not be treated as a typical agency *678 rule, but rather as a statute. This particular rule is different from other agency rules in that its authorizing statute, Section 403.817, Florida Statutes (1983), requires approval by an act of the legislature. Section 403.817(3) provides as follows:
403.817. Legislative intent; determination of the natural landward extent of waters for regulatory purposes.
* * * * * *
(3) Amendments adopted after April 5, 1977, to the rules of the department adopted before April 5, 1977, relating to dredging and filling and which involve additions or deletions of the vegetation or soil indices or the addition or deletion of exemptions shall be submitted in bill form to the Speaker of the House of Representatives and to the President of the Senate for their consideration and referral to the appropriate committees. Such rule amendments shall become effective only upon approval by act of the Legislature. (emphasis supplied)
As previously noted, the rule amendments in this case were approved by the legislature in Chapter 84-79, section 9, Laws of Florida, and were codified in Section 403.8171.
Under Key Haven, the reason an agency rule cannot be challenged in the circuit court is that there are adequate remedies available in the administrative process. Under the rationale of Key Haven, agency review of a constitutional attack upon one of its rules affords the agency the opportunity of modifying its rule should it appear necessary or desirable to do so thus perhaps eliminating the need for further litigation or administrative hearing regarding the rule. However, in the instant case, the Department would not be able to modify its rule to accord with constitutional requirements because of the existence of Section 403.8171, the statute which ratified Rule 17-4.022. The Department does not have the authority to change the statute. The rule has the effect of law and administrative proceedings can have no effect on the constitutional issue involved.
The unique nature of the administrative rule in this case and the rationale behind the decision in Key Haven require that Rule 17-4.022 be treated as a statute for purposes of the application of the exhaustion principles of Key Haven. Accordingly, under Key Haven, the constitutional challenge to Rule 17-4.022(8) and Section 403.8171 can be brought before the circuit court without administrative remedies being exhausted.
We affirm, however, the dismissal order to the extent that it dismisses those portions of the complaint which seek relief other than the declaration of the facial unconstitutionality of Rule 17-4.022 and Section 403.8171, Florida Statutes. As to those portions, there are available administrative remedies to vindicate OCAPI's claimed rights. We refer principally to OCAPI's claims that the Department is equitably estopped from denying the validity of the Rocky Creek jurisdictional determination which the Department had previously prepared for OCAPI.
OCAPI asserts that since it is up to the Secretary of the Department to ultimately decide whether the Department should be estopped to deny the validity of the Rocky Creek jurisdictional determination and since the Secretary had already indicated that she would not validate the jurisdictional determination, her "bias" would undermine OCAPI's ability to receive a fair hearing in the administrative process. We disagree.
The map submitted by OCAPI for validation as a jurisdictional determination was reviewed pursuant to Rule 17-4.022(8). The Department's staff was of the opinion that the map as submitted did not meet the criteria for validation. After protest by OCAPI, the Secretary personally reviewed the validation determination and advised OCAPI that, on the facts before her, she concurred with the staff position. We do not believe that the Secretary's willingness to examine concerns raised by OCAPI by subjecting the staff decision to a personal review should entitle OCAPI to bypass available administrative remedies. We will *679 not presume that the Secretary will be incapable of properly acting upon a recommended order after a full hearing before an impartial hearing officer.
In the same vein, OCAPI asserts that equitable estoppel issues are peculiarly inappropriate to be decided in the administrative milieu in that the agency itself is called upon ultimately to decide whether it should be estopped from taking a certain position because of its earlier actions or conduct. While we do not foreclose the possibility of an agency's forfeiture, by reason of its actions and conduct, of its right to insist upon exhaustion of administrative remedies, OCAPI has fallen far short of demonstrating the need for the invocation of any such exception in the instant case. Compare Bruce v. City of Deerfield Beach, 423 So.2d 404 (Fla. 4th DCA 1983). It is noteworthy that the administrative process in this State routinely handles cases in which parties have introduced equitable estoppel issues. See, e.g., Kuge v. State of Florida, Department of Administration, Division of Retirement, 449 So.2d 389 (Fla. 3rd DCA 1984); Fraga v. Department of Health and Rehabilitative Services, 464 So.2d 144 (Fla. 3rd DCA 1985); Salz v. Department of Administration, Division of Retirement, 432 So.2d 1376 (Fla. 3rd DCA 1983); Tri-State Systems, Inc. v. Department of Transportation, 497 So.2d 683 (Fla. 1st DCA 1986); T & L Management, Inc. v. Department of Transportation, 497 So.2d 685 (Fla. 1st DCA 1986); Bill Salter Outdoor Advertising Inc. v. Department of Transportation, 492 So.2d 408 (Fla. 1st DCA 1986); Chipley Motel v. Department of Transportation, 498 So.2d 1357 (Fla. 1st DCA 1986).
Finally, we reject, as patently without merit, OCAPI's broad assertion that issues of equitable estoppel are "too complicated" for resolution under the Administrative Procedure Act and that the only proper forum therefor is the circuit court. We again refer to the cases cited in the immediately preceding paragraph.
Accordingly we AFFIRM in part and REVERSE in part and REMAND.
JOANOS and THOMPSON, JJ., concur.