ZEHMER, Chief Judge.
Appellant, Dixie Oil Company of Florida (Dixie), owns property and operates a gas station and convenience store located on the southwest corner of the intersection of Mie-cosukee Road and Capital Circle, N.E. (State Road 261), in Leon County, Florida. In September 1991, to facilitate the widening of a portion of Capital Circle, the Department of Transportation (the Department) commenced condemnation proceedings for temporary construction easements and to take a strip of land owned by Dixie that bordered Capital Circle.
Prior to filing suit, the Department and Dixie entered into an agreement under which the Department would allow three forty-eight foot driveways to remain on Dixie’s property — two driveways directly adjacent to Capital Circle, and one adjacent to Miecosuk-ee Road. This agreement was evidenced by a letter to Dixie dated January 29,1991, with attached plans showing the forty-eight foot driveways.
On November 18, 1991, an order of taking was entered by which the Department acquired temporary construction easements and fee simple title to the strip of property abutting Capital Circle, including two of the driveways. Dixie did not challenge the access taking. Two years later, in October 1993, Dixie learned that the Department intended to reduce the width of the driveways from forty-eight feet to thirty-six feet and install small concrete “porkchop”-type medians within the driveways to direct the flow of traffic in a particular direction. Dixie notified the Department and the Tallahassee-Leon County Planning Department of its objections to the proposed changes, and filed a *1259 motion to continue the scheduled valuation trial in the eminent domain proceeding.
Following unsuccessful negotiations with the Department regarding the proposed modifications, Dixie filed a formal petition for administrative hearing on December 3, 1993. The petition charged that the Department, in modifying the driveways, failed to comply with the provisions of the “State Highway System Access Management Act”, sections 335.18-335.188, Florida Statutes (Supp.1992). In the alternative, the petition sought specific performance of the earlier agreement.
The Department did not respond immediately to the petition and, instead, the eminent domain valuation trial was held on January 31, 1994. Although the trial court presumably had denied Dixie’s motion for continuance of this trial, no effort was made by Dixie to seek relief from this court to delay the valuation trial pending resolution of Dixie’s petition for administrative relief. At the trial, evidence of the Department’s agreement to allow the forty-eight foot driveways was excluded on the Department’s motion; nonetheless, Dixie proceeded to present evidence of additional damages to its remaining property attributable to the reduction of the width of the driveways and that issue was submitted to the jury. At the close of the trial, the jury awarded Dixie damages which presumably included damages attributable to the width reduction.
Thereafter, on March 25,1994, the Department issued an order to show cause why Dixie’s petition for administrative hearing should not be dismissed on the ground that Dixie had elected its remedy by seeking damages in the condemnation suit, and on the further ground that the Access Management Act did not apply to this particular situation where access was modified pursuant to the Department’s exercise of its power of eminent domain. Dixie filed a response to the show cause order, and the Secretary of the Department of Transportation issued a final order dismissing the petition, primarily because Dixie had already been compensated for any loss due to the modifications in the eminent domain action. Additionally, the Secretary ruled that the administrative arena was not the appropriate forum in which to seek specific performance of Dixie’s agreement with the Department.
In its present appeal from that final order, Dixie continues to urge the applicability of the Access Management Act and to challenge the propriety of the Department’s actions under the provisions of that act. We hold that the Department did not err in dismissing the petition. We do not need to determine whether the Department’s condemnation powers in section 337.27, Florida Statutes, can be reconciled with its regulatory powers in the Access Management Act because Dixie readily concedes that it presented evidence of, and presumably has now accepted damages for, the reduction in width of its driveways. Dixie was presented with an election of remedies when the Department changed the design of the driveways. It could have pursued administrative remedies to contest the propriety of the change under administrative statutes and rules governing the Department; it could have filed suit for specific enforcement of its contract with the Department concerning the driveways; or it could have proceeded with the valuation trial to determine the amount of damages Dixie sustained by reason of this taking, including the effect of the change in design of the driveways. Although Dixie had filed its petition for administrative review and moved for continuance of the valuation trial, when the circuit court determined to proceed with the trial Dixie did not seek relief in this court to stay that proceeding while it pursued its administrative remedies. Instead, Dixie presented evidence on this element of damages and received a jury verdict based in part on that evidence. Thus, Dixie elected its remedy in the eminent domain proceeding and cannot now be allowed to challenge the propriety of the Department’s action in this administrative proceeding. Department of Agriculture and Consumer Services v. Polk, 568 So.2d 35, 38 (Fla.1990); Key Haven Associated Enterprises, Inc. v. Board of Internal Improvement Trust Fund, 427 So.2d 153, 160 (Fla.1982). To rule otherwise would mean that Dixie could recover damages for the change in design of the driveways and at the same time pursue a remedy to prevent installation of that design for its driveways, *1260 an obviously incongruous and impermissible result.
AFFIRMED.
ALLEN and KAHN, JJ., concur.