675 So.2d 1378 (1996)
LEE COUNTY, a political subdivision of the State of Florida, Appellant/Cross-Appellee,
v.
Sylvan ZEMEL, as trustee; Shirley Kaufman, as trustee; Nathan Zemel, as trustee; Horace Zemel, as trustee; Freda Romanoff, as trustee; Samuel B. Zemel, as trustee; Chester Zemel, as trustee; Nuss-Nathan Zemel, as trustee; Sylvia K. Zemel, individually and as trustee; Nathanial M. Zemel, individually and as trustee; Edward S. Zemel, individually and as trustee; Ronald E. Wiss, as trustee, Appellees/Cross-Appellants.
No. 94-03577.
District Court of Appeal of Florida, Second District.
April 10, 1996.
Rehearing Denied June 28, 1996.
James G. Yaeger, Lee County Attorney, and Thomas L. Wright, Assistant County Attorney, Fort Myers; Kenneth G. Oertel and Patricia A. Renovitch of Oretel, Hoffman, Fernandez & Cole, P.A., Tallahassee, for Appellant/Cross-Appellee.
Elizabeth C. Bowman and Jonathan T. Johnson of Hopping Green Sams & Smith, P.A., Tallahassee; Harold N. Hume, Jr., Gerald W. Pierce, and Russell P. Schropp, of *1379 Henderson, Franklin, Starnes & Holt, P.A., Fort Myers, for Appellees/Cross-Appellants.
Brigette A. Ffolkes, Assistant General Counsel, Tallahassee, Amicus Curiae for the State of Florida, Department of Community Affairs.
QUINCE, Judge.
Appellees (the Zemels) brought this action in the trial court challenging, inter alia, the constitutionality of the 1990 amendments to the 1989 Lee County Comprehensive Land Use Plan adopted by the appellant, Lee County Board of County Commissioners (Lee County). The amendments place various lands, including some owned by the Zemels, in a newly-created land use category known as "Density Reduction/Groundwater Resource." By amended complaint, the Zemels sought declaratory and injunctive relief.
Count I alleged the placement of the Zemels' property in the density reduction/groundwater resource category was arbitrary and capricious and amounted to a substantive due process violation. Count II alleged a violation of procedural due process. Counts III and IV, for inverse condemnation, alleged a temporary or permanent taking of the Zemels' property. Finally, Count V alleged a violation of 42 U.S.C. § 1983.
At the time this action was brought in the circuit court, the Zemels had previously filed a petition challenging the validity of the plan amendments pursuant to the statutory remedies provided in section 163.3213, Florida Statutes (1989). Those proceedings, Zemel v. Lee County, DOAH case no. 90-9973, arose when the Zemels challenged a settlement agreement between Lee County and the State of Florida, Department of Community Affairs, which settlement agreement resolved litigation between those parties by creating the density reduction/groundwater resource category. The settlement resolved an administrative hearing necessitated by the Department of Community Affairs' challenge to the 1989 Lee County Comprehensive Plan, and required the creation of the new land use category. The Division of Administrative Hearings (DOAH) proceeding went to hearing prior to the trial of the instant lawsuit.
In their petition challenging the settlement agreement, the Zemels alleged that the methodology used by the county to include their property in the new category was not "in compliance" with the requirements of chapter 163, because inadequate data and analysis existed to support the county's action. The hearing officer ultimately determined that adequate data and analysis did support the inclusion of the property in the new category. This ruling was adopted by final order of the Department of Community Affairs. The First District Court of Appeal per curiam affirmed this determination. Zemel v. Lee County, 642 So.2d 1367 (Fla. 1st DCA 1994).
In the present case brought in the circuit court, the Zemels allege that their property does not meet the criteria for classification in the new land use category created by the 1990 amendments. The Zemels allege that the reclassification of the property was not scientifically justifiable based upon a report prepared by their consultant, Missimer & Associates, Inc.
Lee County filed various motions to dismiss this action, based on the ongoing (and ultimately concluded) administrative proceedings and the appeal to the First District Court of Appeal. Lee County also filed motions asking the circuit court to take judicial notice of the recommended order of the hearing officer, and of the final order rendered by the Secretary of the Department of Community Affairs in DOAH case no. 90-9973, which substantially adopted the hearing officer's recommended order and determined that the county plan was in compliance with the requirements of chapter 163. The per curiam affirmed decision rendered by the First District Court of Appeal was also submitted to the trial court as supplemental authority, on September 22, 1994.
The trial court denied Lee County's motions to dismiss, and the matter proceeded to nonjury trial. The trial court rendered a final judgment on July 18, 1994, and an order amending final judgment on October 5, 1994. The final judgment granted declarative and injunctive relief on the Zemels' substantive due process claim, invalidating the county's *1380 inclusion of the Zemel property in the new category, concluding the county's actions were arbitrary and capricious. The final judgment held the Zemels did not have to exhaust administrative remedies because the lawsuit was a "facial" constitutional challenge to the plan amendments, rather than an "as applied" constitutional challenge. Finally, the judgment denied the Zemels' inverse condemnation claims, but granted relief under 42 U.S.C. § 1983 and awarded attorney's fees pursuant to 42 U.S.C. § 1988.
Lee County seeks reversal of those portions of the judgment which declare the plan amendments to be constitutionally invalid. The Zemels have filed a cross-appeal of the trial court's ruling that a temporary taking of the Zemels' property did not occur.
We hold that the trial court erred in finding the plan amendments unconstitutional as applied to the Zemels' property. Any constitutional challenge to the propriety of the county's action should have been brought in the direct appeal to the First District Court of Appeal in Zemel v. Lee County, DOAH case no. 90-9973. We also reverse on the cross-appeal, concerning the condemnation issue.
In addition to the proceedings outlined above, the following facts are relevant. Lee County's Growth Management Director, William Spikowski, drafted the preliminary groundwater resource areas plan, and commissioned Dr. David Gomberg, a geologist, to review his plans to determine if there was geologic support. Dr. Gomberg worked with Spikowski to draft the language of the plan amendments.
Dr. Gomberg consulted over thirty technical studies, but relied primarily on four studies, including a 1988 study by Montgomery Engineers. The Board of County Commissioners adopted the plan amendments based upon the studies and report prepared by Dr. Gomberg. Dr. Gomberg testified that the sources he relied on and referenced constituted the best available data at the time he did his work.
The Zemels offered the testimony of Thomas A. Missimer, who was qualified as an expert geologist who specialized in hydrogeology. His testimony was used not only to give his opinion as to the suitability of the Zemel property for inclusion in the land use category created by the plan amendment, but also to attack the studies relied upon by Lee County. Missimer's report, relied on by the trial court, was unavailable to Lee County and its staff and experts at the time the plan amendments in question were adopted. Missimer testified, however, that he presented his conclusions to the local planning agency and advised the agency that Lee County overlooked existing data, and that its omission made the conclusions concerning the Zemel property unreliable. Missimer concluded that the Zemel property is a very poor recharge area that does not meet the criteria outlined in the plan amendments. Much of this evidence had been previously considered in the Zemels' challenge in the chapter 163 administrative proceeding.
The trial court erred in not dismissing the Zemels' claims concerning the validity of the 1990 amendments to the comprehensive plan. The supreme court, in Key Haven Associated Enterprises, Inc. v. Board of Trustees of the Internal Improvement Trust Fund, 427 So.2d 153 (Fla.1982), made it clear that this type of dual litigation is disfavored. In Key Haven the court identified three types of constitutional challenges to the administrative decision-making process of an executive agency. "An affected party may challenge: (1) the facial constitutionality of a statute authorizing an agency action; (2) the facial constitutionality of an agency rule adopted to implement a constitutional provision or statute; or (3) the unconstitutionality of the agency's action in implementing a constitutional statute or rule." Id. at 157. The court then went on to discuss, as a matter of judicial policy, the rules regarding a circuit court's consideration of a particular controversy under the ambit of each of these types of challenges to administrative action. See id., at 156-158.
In Lee County v. New Testament Baptist Church of Fort Myers, Florida, Inc., 507 So.2d 626 (Fla. 2d DCA), review denied, 515 So.2d 230 (Fla.1987), we applied these rules in the context of a challenge to action taken by the county, finding that the facts in that *1381 particular case were most like the situation discussed in Key Haven under the heading "Facial Unconstitutionality of an Agency Rule." Id. at 628. In New Testament Baptist Church, the county appealed a partial summary judgment holding that a section of a county ordinance was unconstitutional on its face. The church cross-appealed the trial court's failure to find other sections of the ordinance unconstitutional, and the trial court's denial of various other claims related to the denial of the church's application for a preliminary development order, including a claim for damages and attorney's fees under 42 U.S.C. § 1983. We affirmed the judgment of the trial court on the matter of the facial validity of the ordinance.
Although New Testament Baptist Church is factually distinguishable from the present case, it is instructive in its application of the Key Haven standards to the present dispute. The present case, involving the Zemels' challenge to the inclusion of their property in the new land use category, is most like the situation described in Key Haven under the heading: "Unconstitutional Application of a Statute or Agency Rule." See 427 So.2d at 158-59. That this claim is most appropriately viewed in this fashion is clear from the discussion in Key Haven that "[t]his type of challenge ... involve[s] the assertion that an agency's implementing action was improper because, for example, the agency denied the party the rights to due process or equal protection." Id. at 158. The Zemels' claims in the present case included substantive and procedural due process claims, and the circuit court invalidated the county's action on substantive due process grounds, specifically related to the Zemels' property. It is clear, therefore, that the present case does not involve a "facial" challenge to the constitutionality of a statute or agency rule. Cf. e.g., St. Joe Paper Co. v. Florida Dep't of Natural Resources, 536 So.2d 1119 (Fla. 1st DCA 1988).
The supreme court made it clear that as a matter of judicial policy, a circuit court should not entertain a suit "requesting the court to declare an agency's action improper based on a constitutional deficiency in the administrative process." The "proper forum to resolve this type of constitutional challenge" is the district court sitting in its review capacity of the agency action, because the district court "has the power to declare the agency action improper and to require any modifications in the administrative decision-making process necessary to render the final agency order constitutional." Key Haven, 427 So.2d at 156-158.
In short, as applied to the present controversy, the Zemels should have pursued their constitutional challenges in the appeal to the First District Court of Appeal from the agency action, and the circuit court should have granted the county's motion to dismiss.
In making the determination that the data and analysis were sufficient to support the county's action, the Division of Administrative Hearings considered the testimony of the Zemels' expert witness, Missimer, that the data and reports relied on by the county were unreliable. The DOAH concluded "the evidence in this case establishes the validity of the data on which the county relied and the ensuing analysis in terms of the establishment of the Density Reduction/Groundwater Resource designation on the Property."
In the circuit court action much of the same evidence which had been considered in the DOAH proceedings was presented. Indeed, much of the evidence in the circuit court case consisted of excerpts read into the record from the testimony in the DOAH proceedings. The Missimer testimony was also relied on by the circuit court in this action in making its determination that the actions of the county were arbitrary and capricious in enacting the amendments. The circuit court thus reviewed virtually identical evidence and testimony as that in the DOAH proceeding, and reached the opposite conclusionthat the data and analysis relied on by the county were unreliable. This is precisely the type of situation that Key Haven appears designed to address.
Finally, in Key Haven the court made it clear that a party may "seek circuit court relief for injuries arising from an agency decision," as for example, for inverse condemnation, if the party accepts the agency *1382 action as valid. Id.; see also Janson v. City of St. Augustine, 468 So.2d 329 (Fla. 5th DCA 1985). Based on our rulings on the jurisdictional and due process issues, the trial court should revisit its decision on the Zemels' claim of inverse condemnation.
Therefore, we reverse the final judgment to the extent that it found a due process violation, a violation of 42 U.S.C. § 1983, and awarded attorney's fees. We direct the circuit court to reconsider the Zemels' inverse condemnation claim, consistent with the above authorities.
PARKER, A.C.J., and WHATLEY, J., concur.