717 So.2d 166 (1998)
GOLF CLUB OF PLANTATION, INC., a Florida corporation, Appellant,
v.
CITY OF PLANTATION, a municipal corporation organized and existing under the laws of the State of Florida, Appellee.
No. 97-0218.
District Court of Appeal of Florida, Fourth District.
September 16, 1998.
*168 James C. Brady of Brady & Coker, Fort Lauderdale, for appellant.
Kenneth E. Keechl of Brinkley, McNerney, Morgan, Solomon & Tatum, LLP, Fort Lauderdale, for appellee.
SHAHOOD, Judge.
The dispute in this case arises out of the City of Plantation's ("the City") refusal to allow Golf Club of Plantation, Inc. ("Golf Club") to develop approximately 100 acres of land adjacent to the 213.82 acres it currently utilizes as a golf course with a restaurant and clubhouse. Citing zoning laws, the City denied Golf Club's various requests to construct single-family dwellings on the property surrounding the golf course. Golf Club then filed a six-count complaint against the City seeking damages based on a taking without just compensation.[1]
Golf Club alleged that prior to purchasing the property at issue, Golf Club representatives were advised by the head of the City's Planning Department that the property on the perimeter of the golf course could later be converted to single-family development. Based on that representation, Golf Club purchased the property in 1989. Golf Club alleged that a taking occurred when the City subsequently amended its land use plan, prohibiting Golf Club from building single-family residences on the golf course and denying Golf Club's applications for building permits to install netting and lighting on the driving range and lighting on the first nine holes of the golf course. As its reason for denying the applications, the City maintained that its policy was to preserve open spaces for the benefit of the community, and that the proposed construction would interfere with the view and light of those residents in the developments bordering and across from the golf course property.
On January 12, 1995, following a hearing on the City's motion to dismiss the complaint, the court entered an order dismissing count II with prejudice and counts V and VI without prejudice. Sometime later, the court granted the City's motion for partial summary judgment on count I, the facial takings claim, finding that while the value of the property had been diminished by the City's plan, Golf Club had not been denied all or a substantial portion of the beneficial uses of the property. Thereafter, the trial court granted partial summary judgment on counts *169 III and IV, and ultimately entered a Final Judgment of Dismissal against Golf Club.
Golf Club appeals the dismissal of its as-applied, Fifth Amendment takings claim (count II), its as-applied, Fourteenth Amendment Due Process takings claim (count IV), and its claim for declaratory relief (count V). Upon review, we hold that the trial court erred in dismissing the claims based on the Fifth and Fourteenth Amendments, and reverse, but we affirm the dismissal of the claim for declaratory relief.

I. As-Applied Fifth Amendment Takings Claim
The trial court dismissed count II finding that it was merely a reiteration of count I. A comparison of both counts shows that the trial court was correct since the allegations and the prayers for relief are virtually identical. The dismissal should have been without prejudice, however, to allow Golf Club to amend its complaint to assert which particular application of the comprehensive plan amounts to an as-applied taking of the golf course property. See Omasta v. Bedingfield, 689 So.2d 409, 410 (Fla. 5th DCA 1997) (unless it appears that the privilege to amend has been abused or that a complaint is clearly untenable, it is an abuse of discretion to dismiss with prejudice.)
In Taylor v. Village of North Palm Beach, 659 So.2d 1167, 1170 (Fla. 4th DCA 1995), this court recognized that a facial takings claim is distinct from an as-applied claim.
In a facial takings claim, the landowner claims that the mere enactment of the regulation constitutes a taking of all affected property without adequate procedures to provide prompt, just compensation. In an as-applied claim, the landowner challenges the regulation in the context of a concrete controversy specifically regarding the impact of the regulation on a particular parcel of property.
Id. at 1170-71. In addition, the standard of proof differs between the two claims. See id., n. 1. In a facial takings claim, there must be a deprivation of "all" economic use while in an as-applied claim, there must be only a "substantial" deprivation. See id. Proof of a substantial deprivation "requires a fact-intensive inquiry of the impact of the regulation on the economic viability of the landowner's property by analyzing permissible uses before and after the enactment of the regulation." See id.
Based on the foregoing, we reverse and remand the order dismissing count II with directions that Golf Club be allowed to amend its pleadings to properly allege an as-applied claim.

II. As-Applied Fourteenth Amendment Takings Claim
In count IV, Golf Club asserted that the City's application of the zoning ordinance amounted to an as-applied taking of the golf course property, and sought compensation in the amount of $3,000,000.00. In disposing of this count by summary judgment, the trial court found that "the [City]'s application of the land use regulations to [Golf Club]'s property does not constitute an `as applied' taking, even though the [Golf Club]'s use of the land is restricted, since there are other permissible uses available to him." The court found further that
the [City] did not condemn a vertical easement upon the property, even though it prevented the [Golf Club] from building any homes on the land, since the Zoning Code specifically provides for alternative permissible uses. Although, the Court recognizes that the difference in value between the kinds of uses may be disheartening, it does not rise to the level of being confiscatory. Consequently, the mere fact that the property is not zoned for its highest value and best use does not invalidate the land use policy.
The party moving for summary judgment must show conclusively the absence of any genuine issues of material fact. Moore v. Morris, 475 So.2d 666, 668 (Fla.1985). "If the evidence raises any issues of material fact, if it is conflicting, if it will permit different inferences, or if it tends to prove the issues, it should be submitted to the jury as a question of fact to be determined by it." Id. The trial court must interpret every possible inference in favor of the non-movant. See id. The trial court's ruling comes clothed with a presumption of correctness and shall not be disturbed absent an abuse of discretion. *170 Jeff-Ray Corp. v. Jacobson, 566 So.2d 885 (Fla. 4th DCA 1990).
The Fifth Amendment of the United States Constitution provides "nor shall private property be taken for public use, without just compensation." U.S. Const., amend. V. The Fourteenth Amendment's Due Process Clause makes the "Takings Clause" applicable to the states as well as the federal government. U.S. Const., amend. XIV, § 1. When the government "takes" private property, compensation must be paid; however, when the state merely regulates the use of the property consistent with the state's police power, no compensation need be paid even though the value of the property or the owner's use of same has been substantially diminished.
A land use regulation is not a taking if (1)it "substantially advances a legitimate state interest, and (2)it does not deny an owner economically viable use of his land." Agins v. City of Tiburon, 447 U.S. 255, 100 S.Ct. 2138, 65 L.Ed.2d 106 (1980) (open-space zoning plans are legitimate exercises of a city's police power to protect its citizens from the ill effects of urbanization), overruled on other grounds by First English Evangelical Lutheran Church v. Los Angeles County, 482 U.S. 304, 107 S.Ct. 2378, 96 L.Ed.2d 250 (1987). "Although no precise rule determines when property has been taken,... the question necessarily requires a weighing of private and public interests." Id. 447 U.S. at 260-61, 100 S.Ct. 2138. In Lucas v. South Carolina Coastal Council, 505 U.S. 1003, 112 S.Ct. 2886, 120 L.Ed.2d 798 (1992), the Supreme Court stated that "[i]n 70-odd years of succeeding `regulatory takings' jurisprudence, we have generally eschewed any `set formula' for determining how far is too far, preferring to `engag[e] in... essentially ad hoc, factual inquiries.'" Id. at 1015 (citing Penn Cent. Transp. Co. v. City of New York, 438 U.S. 104, 124, 98 S.Ct. 2646, 57 L.Ed.2d 631 (1978))(quoting Goldblatt v. Town of Hempstead, 369 U.S. 590, 594, 82 S.Ct. 987, 8 L.Ed.2d 130 (1962)); see also Palm Beach County v. Wright, 641 So.2d 50, 53 (Fla.1994) (the takings issue has been examined by engaging in essentially ad hoc, factual inquiries that have identified several factorssuch as the economic impact of the regulation, its interference with reasonable investment-backed expectations, and the character of the government actionthat have particular significance) (citations omitted); Department of Transp. v. Weisenfeld, 617 So.2d 1071 (Fla. 5th DCA 1993), approved, 640 So.2d 73 (1994) (extent of deprivation and interference with use of property are issues of fact); Gardner v. New Jersey Pinelands Comm'n, 125 N.J. 193, 593 A.2d 251 (1991) (application of takings principles requires a fact-sensitive examination of the regulatory scheme, focusing on whether it substantially advances a legitimate public purpose and whether it excessively interferes with property rights and interests).[2]
Under Lucas, the factual criteria to consider when determining whether a takings has occurred are (1)whether there was a denial of economically viable use of the property as a result of the regulatory imposition; (2)whether the property owner had distinct investment-backed expectations; and (3)whether it was an interest vested in the owner, as a matter of state property law, and not within the power of the state to regulate under common law nuisance doctrine. Id. Whether or not expectations are considered reasonable will depend on whether the property owner had notice in advance of his investment decision that the governmental regulations which are alleged to constitute the taking had been or would be enacted. See East Cape May Assocs. v. State, New Jersey Dep't of Envtl. Protection, 300 N.J.Super. 325, 693 A.2d 114 (1997).
In this case, as Golf Club points out, the trial court weighed the disputed facts and incorrectly interpreted inferences in favor of *171 the City, the moving party, instead of in favor of Golf Club. As the above cases instruct, it was error for the trial court to consider Golf Club's as-applied takings claim on a motion for summary judgment since this issue necessarily involves factual determinations which are disputed. We therefore reverse the entry of summary judgment on this count, and remand for a trial on the merits.

III. Declaratory Judgment
Golf Club titled count VI, "Declaratory JudgmentZoning Code", but asked the trial court to declare certain sections void and unenforceable "because no objective or measurable standards or guidelines for the application thereof are set forth therein." While Golf Club asserted that it was in doubt about its rights with respect to certain sections of the zoning code, it later asserted that "[t]he antagonistic and adverse interests of the parties are all before the Court by proper process, and the relief sought is not merely the giving of legal advice by the Court or the answer to questions propounded from curiosity." The trial court dismissed count VI without prejudice finding that Golf Club did not appear to be in doubt as to its rights.
"The test of the sufficiency of a complaint in a declaratory judgment proceeding is not whether the complaint shows that the plaintiff will succeed in getting a declaration of rights in accordance with his theory and contention, but whether he is entitled to a declaration of rights at all." Rosenhouse v. 1950 Spring Term Grand Jury, in and for Dade County, 56 So.2d 445 (Fla.1952)(quoting White v. Manassa, 252 Ala. 396, 41 So.2d 395, 397 (1949)). "A complaint seeking declaratory relief must allege ultimate facts showing a bona fide adverse interest between the parties concerning a power, privilege, immunity or right of the plaintiff...." Floyd v. Guardian Life Ins. Co. of Am., 415 So.2d 103, 104 (Fla. 3d DCA 1982). The standard of review of a trial court's dismissal of a complaint seeking declaratory judgment is abuse of discretion. Laganella v. Boca Grove Golf and Tennis Club, Inc., 690 So.2d 705 (Fla. 4th DCA 1997).
In this case, the trial court dismissed count VI because Golf Club did not indicate that it was unsure about its rights. Dismissal on that basis was correct and, in addition, was warranted based on the fact that, Golf Club may not seek both damages as a result of inverse condemnation and a declaratory judgment. See Janson v. City of St. Augustine, 468 So.2d 329 (Fla. 5th DCA 1985); Key Haven Associated Enters., Inc. v. Board of Trustees of Internal Imp. Trust Fund, 427 So.2d 153 (Fla.1982), superseded on other grounds as noted in Bowen v. Florida Dep't of Envtl. Regulation, 448 So.2d 566, 568-69 (Fla. 2d DCA 1984), approved and adopted, 472 So.2d 460 (Fla.1985). Although Golf Club argues that its damage claims were based on the comprehensive plan while the declaratory relief was based on the zoning code, count IV of the complaint clearly states that
[t]he [City]'s application of its land use plan regulations and the regulations under Division 10, S-GC Golf Course Zoning District, constitutes an as-applied taking of an aesthetic or scenic easement or vertical easement and the air space over the [City]'s property, for which full and just compensation is due, pursuant to the Fourteenth Amendment to the United States Constitution and Section 9 of Article I of the Florida Constitution.
Golf Club argues that it is entitled to plead in the alternative; however, in Key Haven the supreme court held that
once an applicant has appealed the denial of a permit through all review procedures available in the executive branch, the applicant may choose either to contest the validity of the agency action by petitioning for review in a district court, or, by accepting the agency action as completely correct, to seek a circuit court determination of whether that correct agency action constituted a total taking of a person's property without just compensation.
Id. at 156. "As a matter of judicial policy, `the circuit court should refrain from entertaining declaratory suits except in the most extraordinary cases, where the party seeking to bypass usual administrative channels can demonstrate that no adequate remedy remains available under Chapter 120.'" Id. at *172 156 (quoting Gulf Pines Mem'l Park, Inc., v. Oaklawn Mem'l Park, Inc., 361 So.2d 695, 699 (Fla.1978)). The Fifth District Court of Appeal later concluded from Key Haven that "the two remedies of appeal [of the agency action] and inverse condemnation cannot be simultaneously pursued." Janson.
In addition, Golf Club may not seek a declaration from the circuit court that the agency's application of the zoning code to Golf Club's property is unconstitutional. Following Florida's supreme court's rationale in Key Haven, the court in Occidental Chemical Agricultural Products, Inc. v. State, Department of Environmental Regulation, 501 So.2d 674 (Fla. 1st DCA 1987), held that if the agency rule is deemed to be a statute, then Key Haven mandates that the circuit court entertain an action alleging the facial unconstitutionality; however, if the rule is deemed to be a typical agency rule, Key Haven requires that the circuit court refrain from exercising jurisdiction since administrative remedies exist. This is so because if the rule has been adopted or ratified by statute, it is beyond the agency's jurisdiction to rectify any constitutional infirmities. See id.
With regard to as-applied attacks on an agency rule such as the one which Golf Club brings in the present case concerning the zoning ordinance, the Second District held in Lee County v. Zemel, 675 So.2d 1378, 1381 (Fla. 2d DCA 1996), that the property owners' challenge to the inclusion of their property in the new land use category was an attack on the constitutionality of the county's application of the rule, not a facial attack; therefore, the appropriate method for review of the propriety of the agency action was by appeal to the district court in its review capacity of the agency action, and not by the filing of a declaratory action in the circuit court. See id. at 1381. In so holding, the Zemel court held that the circuit court in that case should have granted the county's motion to dismiss the Zemels' action.
Zemel is most applicable to the case at bar where, in count VI, Golf Club challenged the propriety of the City's application of the zoning code to deny requests for permits to install lights and nets. Not only was the challenge inconsistent with Golf Club's request for damages based on inverse condemnation, see Key Haven, but it was also brought in the wrong forum. Key Haven, Zemel. Thus, while the trial court's dismissal of count VI was inappropriate for the reasons cited, it was appropriate under Key Haven and Zemel.
We therefore affirm the trial court's dismissal of Golf Club's claim for a declaratory judgment. Since Golf Club elected to seek damages for inverse condemnation in the circuit court instead of pursuing review by appeal of the administrative action to the district court, Golf Club is now foreclosed from seeking the latter remedy (i.e. challenging the City's action in a separate administrative proceeding). See, e.g., Dixie Oil Co. of Florida, Inc. v. State, Dep't of Transp., 657 So.2d 1258 (Fla. 1st DCA 1995); Key Haven, 427 So.2d at 160 (by electing to bring a "taking" challenge, "a party forgoes any opportunity to challenge the permit denial as improper and may not challenge the agency action as arbitrary or capricious or as failing to comply with the intent and purposes of the statute").
Based on the foregoing discussion, we affirm the dismissal of count VI seeking declaratory relief, reverse the dismissal of count II and the summary judgment on count IV, and remand for further proceedings consistent with this opinion.
AFFIRMED IN PART; REVERSED IN PART, AND REMANDED.
GUNTHER, J., and RAMIREZ, JUAN, Jr., Associate Judge, concur.
NOTES
[1] The six counts were as follows:

Count I-Fifth Amendment, U.S. Constitution and Section 6 of Article X, Florida Constitution Facial Challenge Takings Claim; Count II-Fifth Amendment, U.S. Constitution, and Section 6 of Article X, Florida Constitution As-Applied Takings Claim; Count III-Facial Challenge, Fourteenth Amendment, U.S. Constitution, and Section 9 of Article I, Florida Constitution Taking of Private Property; Count IV-As-Applied Challenge, Fourteenth Amendment, U.S. Constitution and Section 9 of Article I, Florida Constitution Taking of Private Property; Count V-Declaratory JudgmentAmended Comprehensive Plan; Count VI-Declaratory JudgmentZoning Code.
[2] The Lucas court recognized, however, two areas in which regulatory action is compensable without case-specific inquiry into the public interest advanced in support of the restraint. Lucas, 505 U.S. at 1014-1015, 112 S.Ct. 2886. The first area involves regulations which result in a physical invasion of a person's property, and the second involves situations in which a regulation denies an owner all economically beneficial or productive use of his land. See id. Neither of those is the situation in this case.