787 So.2d 923 (2001)
DEPARTMENT OF ENVIRONMENTAL PROTECTION, et al., Appellants,
v.
Leisa YOUEL, Appellee.
No. 5D99-2945.
District Court of Appeal of Florida, Fifth District.
May 17, 2001.
Rehearing Denied June 27, 2001.
L. Kathryn Funchess, Assistant General Counsel, Department of Environmental Protection, Tallahassee and Robert A. Butterworth, Attorney General, Tallahassee and Philip Jay Spengler, II, Assistant Attorney General, Tampa, for Appellants.
Michael D. Jones and Clifton H. Gorenflo of Leffler & Associates, P.A., Winter Springs, for Appellee.
COBB, J.
On September 23, 1999, the circuit court entered what it labeled a final judgment, after non-jury trial, finding that the State Department of Environmental Protection (DEP) had effectuated a temporary taking of the property of the plaintiff, Leisa Youel, which taking had commenced in June, *924 1991.[1] The judgment was predicated on findings by the court that DEP improperly asserted jurisdiction over a lot owned by Youel in The Springs subdivision in Seminole County and imposed draconian conditions which deprived Youel of "all economically viable use of her property."[2] The court further found that Youel was told that if she did not agree to the DEP conditions, "she would not and could not get a permit" for residential construction; hence Youel, as a practical matter, could neither use nor sell her lot.
Basically, the trial court's finding of a temporary taking was predicated upon a theory of estoppeli.e., that DEP misled Youel in regard to permitting and mitigation. But the final judgment is fatally flawed because it omits mention of the fact that on March 4, 1994, DEP issued a final notice of violation to Youel directing the removal of fill and ordering restoration of a disturbed area of the lot. This notice advised Youel that she had a right to judicial review, pursuant to section 120.68, Florida Statutes. Youel failed to appeal; therefore, the allegations contained in the notice were deemed admitted and became binding on Youel at that point in time. This meant that Youel thereafter could seek circuit court relief for any claim of inverse condemnation arising from any agency decision only with the underlying premise that the unappealed agency action was valid i.e., the determination that Youel's actions of filling and tree removal constituted an environmental violation. See Key Haven Associated Enterprises, Inc. v. Board of Trustees of the Internal Improvement Trust Fund, 427 So.2d 153 (Fla.1982); Lee County v. Zemel, 675 So.2d 1378 (Fla. 2d DCA 1996); see also Janson v. City of St. Augustine, 468 So.2d 329 (Fla. 5th DCA 1985).
Once it was finally established in 1994 that Youel was in violation, it was incumbent upon her to remedy that violation, and apparently various methods by which this could have been accomplished were discussed and considered by Youel and DEP, among them being modification of her site plan and mitigation of her violation. At no time did Youel apply for a permit from DEP to build on her lot. In fact, at the time DEP first advised Youel in 1991 that she had a problem, she had already abandoned her plan to build on the lot and had placed it on the market for sale. Any inverse condemnation claim by Youel asserting a temporary taking by DEP necessarily is predicated upon her claim that DEP, by its actions, rendered her lot unmarketable subsequent to June, 1991, when DEP first contacted her. Her theory is one of equitable estoppel, which is discussed at some length in the case of Macnamara v. Kissimmee River Valley Sportsmans' Association, 648 So.2d 155 (Fla. 2d DCA 1994), rev. denied, 651 So.2d 1195 (Fla.1995). Therein, the Second District wrote:
Although equitable estoppel can apply against the state in its sovereign capacity, such claims can be pursued only in rare instances where there are exceptional *925 circumstances. Calusa Golf, Inc. v. Dade County, 420[426] So. 2d 1165, 1167 (Fla. 3rd DCA 1983). Among the elements that must be proven is a positive act by an authorized official, upon which reliance is based. Jefferson National Bank v. Metropolitan Dade County, 271 So.2d 207, 214 (Fla. 3d DCA 1972). Under no circumstance, can the state be estopped by the unauthorized acts or representations of its officers. Greenhut [Constr. Co.] v. [Henry A.] Knott, [Inc.], 247 So.2d 517, 524 (Fla. 1st DCA 1971). (Emphasis supplied).
The question, therefore, is whether Youel, having been conclusively determined to be in violation of DEP regulations, thereafter was deprived of the sale of her property, at least temporarily, by some positive act by an authorized DEP official upon which she relied. In this respect, Youel's action fails in two essential respects. First, the representative of DEP with whom her architect was in communication was not in the permitting division of DEP, and was not an authorized official who could grant or deny her a permit, had one been requested. Secondly, the record is devoid of any support for the trial court's finding that Youel, or any of her representatives, was at any time advised by DEP that the lot could not be permitted for construction. The trial court seemingly has confused the permitting process with Youel's unsuccessful quest for a variance, and these are two different things.
REVERSED AND REMANDED FOR ENTRY OF JUDGMENT FOR THE APPELLANT, DEP.
THOMPSON, C.J., and GRIFFIN, J., concur.
NOTES
[1] Because the judgment does not determine the issue of damages, it does not dispose of the case with finality. Review is predicated on Florida Rule of Appellate Procedure 9.130(a)(3)(C)(iv) which provided for review of non-final orders determining liability in favor of a party seeking affirmative relief. While this rule subdivision was repealed effective January 1, 2001, see Amendments to Florida Rules of Appellate Procedure, 780 So.2d 834 (Fla.2000), the instant appeal was instituted before that date and thus may proceed. See Hetherington v. Donner, 786 So.2d 9 (Fla. 3d DCA 2001).
[2] See First English Evangelical Lutheran Church of Glendale v. Los Angeles County, California, 482 U.S. 304, 107 S.Ct. 2378, 96 L.Ed.2d 250 (1987).