SAWAYA, J.
Appellants attempted to appeal from the order granting Appellee’s motion for summary judgment. This court sua sponte ordered Appellants to show cause why the appeal should not be dismissed for lack of jurisdiction. We directed Appellants to Arcangeli v. Albertson’s Inc., 550 So.2d 557 (Fla. 5th DCA 1989) (holding that an order which merely grants a motion for summary judgment is not a final appeal-able order) and Benton v. Moore, 655 So.2d 1272 (Fla. 1st DCA 1995) (noting that Florida Rule of Appellate Procedure 9.110(m) gives an appellate court discretion to relinquish jurisdiction to allow a trial court to render a final order, but holding that absent an exceptional circumstance, dismissal is the appropriate course if an appealable order has not been provided by the time the appellate court acts to determine its jurisdiction).
Appellants did not ask this court to relinquish jurisdiction to the trial court for entry of a partial final summary judgment; rather, they responded by asserting the finality of the order appealed and, alternatively, arguing that the order is an appeal-able nonfinal order pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(C)(iv) (repealed effective January 1, 2001). The case on which Appellants rely to support their claim that the order should be construed as a partial final judgment, Croteau v. Operator Service Co. of South Florida, Inc., 721 So.2d 386 (Fla. 4th DCA 1998), is not controlling. In Cro-teau, after one of the appellees decided it was not bound by the mediated settlement agreement, the appellants moved the court to enforce the agreement pursuant to Florida Rule of Civil Procedure 1.730(c). The trial court entered an order denying the motion and the appellants appealed. The appellate court held that the motion to enforce the agreement was the equivalent of a count based on separate and distinct facts unrelated to the facts supporting the other counts of the complaint, and thus it concluded that the order denying the motion to enforce was a partial final judgment under Florida Rule of Appellate Procedure 9.11000.
We point out the obvious distinction between Croteau and the instant case: In Croteau, the appellants were attempting to enforce an established mediated settlement agreement while here, the parties were in trial posture. Appellants were seeking to establish the existence of the settlement agreement as an affirmative defense to the suit; Appellee took the position that no settlement agreement had ever been reached. The parties moved for summary judgment on their respective positions. The trial court’s conclusion that no settlement had been reached and consequent grant of summary judgment in favor of Appellee would have acted as a partial final summary judgment had the order actually entered partial final summary judgment. It did not. Appellants obtained an order merely granting summary judgment, not the requisite partial final summary judgment. We refuse to deem the order on appeal as anything other than what it is — an order granting summary judgment — and it is beyond contention that an order granting summary judgment is a nonfinal order. Arcangeli.
As for Appellants’ alternative assertion that the order should be treated as an appealable nonfinal order determining the issue of liability in favor of the party seeking affirmative relief pursuant to rule 9.130(a)(3)(C)(iv), we must reject it also. The order simply reflects the trial court’s determination that the parties did not reach a settlement agreement. The issue *1135 of liability remains to be determined.[1] Accordingly, since good cause has not been shown, this appeal is dismissed. See C & L Transport of Citrus Co. ., Inc. v. Osteen, 763 So.2d 1217 (Fla. 1st DCA 2000) (dismissing appeal from order merely granting a motion for summary judgment where order could not be considered appealable pursuant to rule 9.130(a)(3)(C)(iv)).
DISMISSED.
THOMPSON, C.J., and GRIFFIN, J., concur.

. Had the order adjudicated the issue of liability within the meaning of rule 9.130(a)(3)(C)(iv), this court would have allowed the appeal to proceed. Department Of Envtl. Prot. v. Youel, 787 So.2d 923 (Fla. 5th DCA 2001) (holding that appeal would be allowed to proceed under rule 9.130(a)(3)(C)(iv) even though the rule had been repealed because the appeal was instituted before the repeal date).